**Gregory Allen PETTY,
Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.**

**No. 84–1488**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1986.

Rehearing and Rehearing En Banc
Denied March 4, 1986.

---

**2.** R.W. Emerson, *Self-Reliance,* (1841). Emerson also remarked, "With consistency a great soul has simply nothing to do." *Id.*

John R. Breihan (Court-appointed), Baker & Botts, Houston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., William C. Zapalac, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Gregory Allen Petty, a state prisoner convicted of aggravated robbery, seeks a writ of habeas corpus on the ground that his counsel at the trial was ineffective. Without an evidentiary hearing, the district court dismissed this claim because Petty failed to allege that he suffered any specific prejudice as a result of his counsel's actions. On appeal, Petty sets out facts that suggest possible prejudice. Although we are unable to consider these allegations, because they are made for the first time on appeal, we reverse and remand this case to the district court, with instructions that Petty be permitted to amend his complaint to allege the facts now asserted.

Petty contends that he received ineffective assistance of counsel both because of his lawyer's inadequate preparation and because of her failure to assert the defense of insanity. We consider these contentions separately.

## I.

▮ Petty asserts that his trial counsel conferred with him only twice before trial, obtained only a brief knowledge of the case, never discussed possible defenses with him, failed to interview prospective defense witnesses, and was entirely unprepared for trial because she assumed that he would plead guilty.

In his pro se appellate brief, Petty for the first time attempts to specify how he was prejudiced by these actions. At trial, the complaining witness testified that Petty approached her on the street, held a pocket knife to her throat and, failing in an attempt to rape her, grabbed her purse and ran away. The victim went to the nearby home of a friend and called the police, giving a description of her assailant. After about twenty minutes, the police told her that they had found a suspect. The victim was taken to a motel near the scene of the incident where, from the police car, she identified Petty standing in the lobby, twelve to fourteen feet away, with two policemen and a motel clerk. She told the police that he looked like her attacker, and "if he has any teeth missing there would be no doubt."

In court, Petty stood and opened his mouth to show a number of missing teeth. Asked if that was how his mouth looked during the robbery, the victim replied "I don't believe he had any of these on the bottom missing. He had some on top missing." Petty asserts that his teeth were not missing until after his arrest, when they were later knocked out as a result of two assaults upon him in the county jail. Petty thus asserts, for the first time on appeal, that counsel failed to investigate this defense by interviewing potential witnesses, or by seeking out medical records and disciplinary reports, that would confirm that his teeth were knocked out after his arrest.

This contention is without merit, for it does not reflect prejudice of the degree required by *Strickland v. Washington.*[1]

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2] The errors of counsel must call into question the fundamental fairness of the conviction.

In this case, the identification of Petty was firmly established by other evidence. The victim testified that she saw him clearly when she spoke with him directly under a street light and walked alongside him for five or six minutes. Her identification of him was certain and unqualified. His clothing fit the description she had given the police, and her purse was found in his motel room. Even though Petty may have suffered later injuries to his teeth, he admitted that his teeth had been badly decayed and might have appeared to be missing. The arresting officer testified at trial that Petty was missing a tooth at the time of his arrest. In the face of this evidence, it is not probable that testimony about Petty losing one or more of his teeth while in custody would have led to a different verdict.

## II.

▮ Also for the first time on appeal, Petty asserts that his trial attorney failed to investigate the possible defense of insanity. He claims, among other grounds, that he has been committed to mental institutions on three separate occasions and has undergone out-patient psychiatric care for a number of years. He asserts that he was denied the opportunity to present evidence bearing on his degree of responsibility at the time of the offense and at the time of trial. No evidentiary hearing was held in state court. Had Petty raised this issue in the district court, he would have been entitled to an evidentiary hearing to determine whether counsel's failure to investigate his

---

**1.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**2.** *Id.* at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 697.

mental capacity resulted in the failure to present a valid defense of insanity.[3]

We are a court of error and ordinarily do not consider issues raised for the first time on appeal. The fact that Petty has now made these allegations, however, indicates that he would raise them in the district court if he were given the opportunity to do so. Therefore, even if a pro se petitioner is required to allege the specific prejudice that he must eventually prove, Petty should be given an opportunity to amend his pleadings in order to assert what he now contends.

█ Although Petty raised his claim of ineffective assistance of counsel in state court and exhausted his state remedies, he did not there assert the factual basis of his present claim that counsel failed to investigate a defense of insanity. We have held that, when the claim presented in federal court is based on significantly different underlying facts, state remedies have not been exhausted. *Burns v. Estelle*, 695 F.2d 847, 849–50 (5th Cir.1983). If Petty amends his pleadings on remand, then the state, if it so chooses, should be permitted to raise this defense by amending its answer. Any dismissal that results from failure to exhaust state remedies would be without prejudice, leaving Petty free to return to federal court after seeking relief from the state. In the interests of efficiency and finality, therefore, the state may prefer to waive this defense.

█ The most efficient resolution of this appeal would be to remand for an evidentiary hearing without the formality of requiring that pleadings be amended to allege what is already set out in the briefs before this court. *Strickland* requires that prejudice be proved, not pleaded. To remand for a hearing, however, would prevent the state from asserting the defense of nonexhaustion of state remedies because the underlying facts are different. In the future, the hearing of habeas corpus matters may be facilitated if the district courts

modify the standard forms provided to pro se petitioners to require that, when the petitioner alleges ineffectiveness of counsel, he also describe the prejudice allegedly suffered. This would then enable the state directly to raise, or to waive, the petitioner's failure to exhaust state remedies.

For the reasons given, the dismissal is REVERSED, and the case is REMANDED with instructions to the district court to permit Petty to amend his complaint, to permit the state to amend its answer, and then to conduct such further proceedings as may be appropriate and consistent with this opinion.

**3.** *See Johnson v. Estelle*, 704 F.2d 232, 239–40 (5th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984); *Clark v. Blackburn*, 619 F.2d 431 (5th Cir.1980).