IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20443

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

JUAN RIVERA MARTINEZ

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

July 15, 1999

Before POLITZ, HIGGINBOTHAM, and DAVIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

A federal jury convicted Juan Rivera Martinez of conspiracy to possess more than five kilograms of cocaine with the intent to distribute it. The district court sentenced him to a 360-month term of imprisonment. On direct appeal, this court rejected Martinez's challenge to the sufficiency of the evidence. Martinez then moved the district court to vacate judgment pursuant to 28 U.S.C. § 2255. The court summarily denied Martinez's motion and his petition for a certificate of appealability. This court granted a certificate of appealability on the issue of whether Martinez had been denied his right to testify on his own behalf and counsel's alleged ineffectiveness related thereto. We VACATE and

REMAND to allow Martinez an opportunity to state his claims with greater specificity.

In his § 2255 motion, Martinez alleged that he "was denied effective counsel, when counsel failed to call him to testify at trial." Martinez went on to claim that "he told his counsel, that he wanted to testify in his own behalf. . . . [b]ut, because of counsels, [sic] his side of the story was never admitted into the record and heard by the jury or Court . . . ." Martinez's motion presents an ineffective assistance claim based on his lawyer's not calling him to testify at trial and implicates the right to testify because Martinez essentially argues that he was deprived of this right when counsel did not call him to the stand.

Section 2255 requires that the district court conduct a hearing on a petitioner's allegations "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Martinez's ineffective-assistance claim, though at bottom presenting a potentially valid claim for relief, does not specify the grounds for his allegation other than to say that his side of the story was not told at trial. This loose assertion, while perhaps not "conclusively" disproved by the record in the case, does not tell the court enough about what happened to Martinez and how his counsel was ineffective. Further explanation is necessary before the court can begin to fully address the merits of the claim.

2

The backdrop to Martinez's ineffective assistance allegation is his right to testify: Martinez states that he told his lawyer that he wanted to testify in his own behalf, but his attorney did not call him to the stand. A criminal defendant has a constitutional right to testify in his own behalf, and this right is granted to the defendant personally and not to his counsel. *See Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987). This circuit has not yet decided the full reach of a criminal defendant's right to testify or what degree of substantiation is required in a § 2255 right-to-testify claim to trigger a hearing. In this case, there is no hint of more than Martinez's counsel's view that Martinez ought not testify -- no suggestion of force or coercion -- and that Martinez simply followed the advice of counsel or acquiesced in counsel's strategic trial decision.

Courts have observed that allowing a bare assertion of a right-to-testify violation to precipitate the further investment of judicial resources is problematic. *See Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991)(stating that a conclusory assertion by a defendant that his right to testify was denied him is insufficient to require a hearing because "[i]t just is too facile a tactic to be allowed to succeed"). We agree that there is "a grave practical difficulty in establishing a mechanism that will protect a criminal defendant's personal right . . . to testify in

3

his own behalf without rendering the criminal process unworkable." *Id.* at 475.

Therefore, though we are mindful both of the judiciary's obligation to provide the accused with an adequate mechanism to fairly address his claims and of our heavy indulgence of pleadings by prisoners without counsel, we do not think that Martinez's vague and conclusory assertion alone should be allowed to trigger a hearing or response from the government. At the same time, in keeping with the strictures of § 2255, we do not think summary dismissal was appropriate here. Rather, before additional judicial resources are allocated to this case, Martinez must add some detail to his ineffective-assistance and right-to-testify allegations. Martinez's statement, read with a generous spirit, complains of his lawyer's ineffectiveness in not developing his side of the story, including calling him to the stand; it says nothing about how counsel was ineffective or the circumstances surrounding Martinez's failure to take the stand at his trial. We vacate and remand so that Martinez can state with greater specificity his complaints regarding ineffective assistance and his right to testify. If he is unable to provide more than his present conclusory statement, summary dismissal of his petition will be appropriate.

VACATED and REMANDED.