IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50459
USDC No. W-98-CV-3202
USDC No. W-93-CR-96-2
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH O. COBB,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------

December 7, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Keith O. Cobb, federal prisoner # 60806-080, moves this court for a certificate of appealability (COA) to challenge the denial of his motion, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. He asserts that his counsel rendered ineffective assistance by: (1) refusing to permit him to testify in his own defense; (2) refusing to call his mother and Natalie Bradshaw as defense witnesses; and (3) omitting to explain that information provided by a confidential informant could be used to enhance his sentence even

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

though the informant did not testify at trial and Cobb was never given an opportunity to cross examine him.  He also urges that the district court erred in declining his request for an evidentiary hearing to develop these claims.

To obtain § 2255 relief based on ineffective assistance of counsel, a movant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  The court indulges in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence."  Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988).  To prove deficient representation, a defendant must show that her attorney's conduct "fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  To establish prejudice, a movant must show that counsel's errors were so serious that they deprived the defendant of a substantive or procedural right to which the law entitled him and thus rendered the trial proceedings unfair or the result unreliable.  Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).  If the movant makes an insufficient showing on either the deficient performance or the prejudice prong of the ineffective assistance of counsel test, the court need not address the other. Strickland, 466 U.S. at 697.

"A criminal defendant has a constitutional right to testify in his own behalf, and this right is granted to the defendant personally and not to his counsel."  United States v. Martinez, 181 F.3d 627, 628 (5th Cir. 1999) (citing Rock v. Arkansas, 483

U.S. 44, 51-53 (1987)).  A waiver of this right must be knowing and voluntary.  Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997) (§ 2254 petition), cert. denied, 119 S. Ct. 418 (1998).

The district court's written order did not directly address Cobb's assertion that his counsel had denied him his constitutional right to testify.  Rather, the court opined that counsel's refusal to permit Cobb to testify had been a matter of trial strategy that fell within the ambit of reasonable professional assistance.  Cobb's right to testify, however, is vested exclusively in him and may not be waived on his behalf by counsel.  See Martinez, 181 F.3d at 628.  It thus cannot be a matter of "sound trial strategy" for counsel to deny a defendant his right to testify.  See id.

Accordingly, we hereby GRANT Cobb a COA on the issue whether his counsel was ineffective for refusing to permit him to testify, VACATE the district court's order denying this claim, and REMAND for further proceedings.

As for Cobb's claims that his counsel rendered ineffective assistance by omitting to call exculpatory witnesses and by failing to explain that the Government's confidential informant likely would not testify at trial, we find that he has failed to demonstrate with the requisite degree of clarity that he has been denied a constitutional right.  See § 2253(c)(2).  Accordingly, we DENY him a COA with regard to these claims.

COA GRANTED; VACATED AND REMANDED.