IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20870
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MASSOOD DANESH PAJOOH,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3402
--------------------
January 25, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Massood Danesh Pajooh seeks a certificate of appealability
("COA") to appeal the district court's denial of his 28 U.S.C.
§ 2255 motion.  He argues that trial counsel was ineffective in
failing to advise him properly as to pleading guilty, in failing
to present a proper defense theory, in disallowing him to testify
on his own behalf, and in failing to conduct adequate pretrial
investigation.  He also asserts that he was denied his
constitutional right to testify and that the Government engaged
in misconduct when it used the perjured testimony of Michael Kent

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Stephens.

To obtain a COA, Pajooh must make a substantial showing of the denial of a constitutional right. See § 2253(c)(2). He has not made such a showing with regard to any of his claims of ineffective assistance of counsel. He has, however, made the requisite showing with regard to his claim that his constitutional rights were violated when his counsel refused to permit him to testify. Accordingly, we GRANT him a COA on this issue, VACATE the district court's judgment, and REMAND with instructions that Pajooh is to file a supplement to his § 2255 motion setting forth in greater detail the circumstances surrounding his failure to testify. See United States v. Martinez, 181 F.3d 627, 628-29 (5th Cir. 1999).

If, once this is done, the record does not conclusively show that Pajooh is entitled to no relief, the district court is directed to conduct an evidentiary hearing to determine whether Pajooh was denied his right to testify. See United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981); § 2255. Pajooh's request for COA on his other issues is DENIED. His motion for an expedited appeal is DENIED as moot.

COA GRANTED in part, DENIED in part; VACATED AND REMANDED.