IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40778
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT NEIL AUSTIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-560
USDC No. C-96-CR-286
--------------------
January 25, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Everett Neil Austin seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. He argues that counsel was ineffective in failing to conduct adequate pretrial investigation; in failing to follow through with his pretrial motions; in failing to object to the Government's questions concerning his prior arrest for criminal mischief; and in refusing to allow him to testify. He also asserts that the decision to testify was his alone to make, that he did not knowingly waive his right to testify, and that he was

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied his constitutional right to testify.

To obtain a COA, Austin must make a substantial showing of the denial of a constitutional right. See § 2253(c)(2). He has not made such a showing with regard to any of his claims of ineffective assistance of counsel. He has, however, made the requisite showing with regard to his claim that his constitutional rights were violated when his counsel refused to permit him to testify.

Nevertheless, Austin's allegation is too conclusional to justify the further investment of judicial resources at this juncture. Accordingly, we GRANT him a COA on this issue, VACATE the district court's judgment, and REMAND with instructions that Austin is to file a supplement to his § 2255 motion setting forth in greater detail the circumstances surrounding his failure to testify. See United States v. Martinez, 181 F.3d 627, 628-29 (5th Cir. 1999). If, once this is done, the record does not conclusively show that Austin is entitled to no relief, the district court is directed to conduct an evidentiary hearing to determine whether Austin was denied his right to testify. See United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981); § 2255. Austin's request for COA on his other issues is DENIED.

COA GRANTED in part, DENIED in part; VACATED AND REMANDED.