**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-10377
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC ANTHONY THOMAS,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
Nos.  5:93-CR-13-C &
5:97-CV-414-C
_____

November 28, 2000

Before KING, Chief Judge, WIENER, Circuit Judge, and LYNN[1], District Judge.

PER CURIAM:[2]

Defendant-Appellant Eric Anthony Thomas appeals the district court's determination that

his 28 U.S.C. § 2255 motion, claiming that he had been denied the right to testify on his own

behalf, was without merit.  For the following reasons, we VACATE and REMAND.

A federal jury convicted Thomas of possession with intent to distribute cocaine base

---

[1]  District Judge of the Northern District of Texas, sitting by designation.

[2]  Pursuant to 5th Cir. R. 47.5 the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(count 1), possession with intent to distribute cocaine base within 1,000 feet of a public secondary school (count 2), and possession with intent to distribute cocaine base within 1,000 feet of a playground (count 3). Thomas was sentenced to imprisonment for 220 months, to be followed by five years of supervised release.

On direct appeal, this court determined that because count one was a lesser-included offense to counts two and three, it could not support a separate sentence. This court thus affirmed Thomas's convictions, but remanded for resentencing, directing the Government to elect under which counts Thomas should be sentenced.

On remand, the Government elected to proceed to sentencing on counts two and three. The district court resentenced Thomas to two terms of 220 months imprisonment, to be served concurrently. The district court also imposed five years of supervised release.

On appeal from his resentencing, Thomas argued that he should have been resentenced on only one count. This court agreed, determining that it was bound "by stare decisis and the law of the case doctrine" to follow its previous opinion, which had instructed the Government to select a single count upon which to proceed at resentencing. The court thus once again vacated Thomas's sentence and remanded for resentencing.

On remand, the Government elected to proceed to sentencing on count two. The district court resentenced Thomas to imprisonment for 220 months, to be followed by five years of supervised release. On appeal, this court affirmed the judgment of the district court.

Thomas then moved the district court to vacate judgment pursuant to 28 U.S.C. § 2255. The magistrate judge determined that Thomas's § 2255 motion was barred by the applicable one-year statute of limitations, and recommended that the motion be dismissed. The district court

adopted the report and recommendation of the magistrate judge and dismissed Thomas's § 2255 motion. On appeal, this court granted Thomas a certificate of appealability (COA), finding that his § 2255 motion had been filed within the limitations period, vacated the judgment of the district court, and remanded for further proceedings.

On remand, the district court determined that the claims raised by Thomas in his § 2255 motion were without merit, and denied Thomas's motion. On appeal, this court granted Thomas a COA to determine whether he had been denied the right to testify on his own behalf, and to address the standard of review of that issue.[3]

In his § 2255 motion, Thomas asserts that his counsel was ineffective for various reasons, one of which was that despite Thomas's numerous requests to testify at trial, his counsel failed to advise him that he had the right to testify. A similar claim--an ineffective assistance claim based on counsel's failure to call his client to testify at trial--was raised in *United States v. Martinez*, 181 F.3d 627 (5th Cir. 1999). The defendant in that case filed a § 2255 motion, which the district court summarily denied. *Id*. at 628. As in this case, in *Martinez* this court granted a COA on the ineffective-assistance/deprivation of right to testify claim. *Id*. In *Martinez*, this court noted that § 2255 "requires that the district court conduct a hearing on a petitioner's allegations '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id*. (citing 28 U.S.C. § 2255). In *Martinez*, this court found that the defendant's claim, while potentially valid, lacked the requisite specificity by which the district court could adequately address it. *Id*. The court noted that the defendant's statement "read with a generous spirit,

---

[3]     This court does not reach the merits of either issue in light of its decision to remand.

-3-

complains of his lawyer's ineffectiveness in not developing his side of the story, including calling him to the stand; it says nothing about how counsel was ineffective or the circumstances surrounding [the defendant's] failure to take the stand at trial." *Id*. at 629. This court thus vacated and remanded, so that the defendant would have the opportunity to "add some detail" to his claims. *Id.*

Thomas's § 2255 motion is no less vague than was the § 2255 motion at issue in *Martinez*. This motion states that Thomas wanted to testify, but that his attorney "evidently made [his] choice not to testify for [him]." It continues: "He never told me that I had a right to take the stand [on] my behalf, even though I explicitly wanted to testify." As in *Martinez*, the district court did not hold a § 2255 hearing. The district court relied on *Jordan v. Hargett*, 34 F.3d 310, 312 (5th Cir. 1994) for these propositions: 1) a defendant may waive his right to testify and 2) there is no violation of that right if the defendant "acquiesced during trial to his attorney's recommendation that he not testify and later decided that he should have testified." The district court then stated that "[t]here is nothing in the record to indicate that Thomas advised the Court of his desire to testify, and the defense rested and closed without calling any live witnesses," and disposed of Thomas's claim. However, the *Jordan* opinion cited by the district court was subsequently vacated by this court. *See Jordan v. Hargett*, 53 F.3d 94 (5th Cir. 1995). It is unclear from the general and vague assertions in Thomas's § 2255 motion whether 1) assuming his lawyer did not advise him of his right to testify, he nevertheless knew of this right, and, despite his requests to exercise his right, his attorney essentially ignored him; or 2) he wanted to testify, but because his attorney did not advise him of his *right* to do so, he did not understand he had such a *right*, and therefore did not express to the court his desire to testify. Accordingly, we

-4-

VACATE and REMAND so that Thomas can assert in his motion his ineffective assistance/ deprivation of right to testify claim(s) with more specificity; only if he is unable to do so will "summary dismissal of his petition . . . be appropriate." *Martinez*, at 629. If Thomas amends his § 2255 motion to make sufficiently detailed allegations of the type he has made on appeal, such that the district court can "fully address the merits of [his] claim," *id.* at 628, the law requires that the district court hold an evidentiary hearing on Thomas's allegations.

VACATED and REMANDED.