# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2010

Lyle W. Cayce
Clerk

No. 09-10617
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY WHITEHEAD, also known as Jimmy Mark Edward Whitehead,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-260

Before REAVLEY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jimmy Whitehead appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for bank robbery and using and carrying a firearm during a crime of violence. The district court denied Whitehead's ineffective assistance of counsel claims on the ground that Whitehead failed to assert that he was prejudiced by any of his counsel's behavior. We granted Whitehead a certificate of appealability as to whether the district court prematurely denied Whitehead's § 2255 motion without allowing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him the opportunity to state his claims more precisely than he did on the § 2255 form he filed.

In reviewing a district court's denial of a § 2255 motion, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008) (internal citation omitted).

To prevail on an ineffective assistance claim, a movant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A movant's claim of ineffective assistance of counsel must be stated with specificity; conclusory allegations are insufficient to raise a constitutional issue. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). A movant's claim will fail if he does not establish both deficient performance and prejudice. *Strickland*, 466 U.S. at 687.

Whitehead alleged in his § 2255 motion that his counsel was ineffective before trial for failing to interview and subpoena potential defense witnesses Hugh Masters and George Whitehead; failing to call potential alibi witness Lisa Wright; failing to hire a DNA expert to conduct independent analysis to impeach the Government's DNA expert testimony; and failing to obtain the suppression of Whitehead's statement to police about the gloves and ski mask; and because counsel had an unspecified conflict of interest. He argued that counsel was ineffective at trial for failing to request a hearing to investigate the conduct of a juror who communicated with a Government witness; failing to impeach Edward Crain, an unindicted coconspirator, or bring forth prior exculpatory statements made by Crain; and failing to call alibi witness Wright because counsel believed he would obtain a judgment of acquittal without her testimony. He contended that counsel was ineffective at sentencing for failing to review his

2

prior convictions and relevant caselaw to argue for mitigation; failing to address the issue whether his prior convictions were consolidated for sentencing purposes; and failing to object to the application of the career offender guideline in light of the sentence imposed on Crain. He asserted that counsel was ineffective on appeal for failing to raise any issues arising from his second trial; failing to raise juror misconduct; and failing to raise prosecutorial misconduct because the Government falsely told the jury that Crain would be prosecuted by federal authorities despite knowing that charges against Crain would be dismissed. Although Whitehead failed to allege prejudice with any specificity, he did allege that *Strickland* governed his claim. Six days after Whitehead filed his § 2255 motion, the district court summarily dismissed it.

Habeas applications filed by pro se prisoners are entitled to liberal construction, and pleading errors do not bar consideration of the claims of pro se habeas applicants. *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Furthermore, "*Strickland* requires that prejudice be proved, not pleaded." *Petty v. McCotter*, 779 F.2d 299, 302 (5th Cir. 1986); *United States v. Martinez*, 181 F.3d 627, 628-29 (5th Cir. 1999) (holding that the defendant's conclusory assertion that he told his counsel he wanted to testify, but that counsel failed to call him as witness was insufficient to require a hearing or a response from government, but the defendant should have been allowed an opportunity to state his claim with greater specificity). We VACATE and REMAND so that Whitehead can state with greater specificity his complaints regarding ineffective assistance. If he is unable to provide more than his present conclusory statements, summary dismissal of his petition will be appropriate.