# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2013

Lyle W. Cayce
Clerk

No. 12-41422
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROCKY LEE MARQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2506-2

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rocky Lee Marquez appeals his guilty plea conviction of conspiracy to possess with intent to distribute methamphetamine. In pleading guilty, Marquez admitted that he knowingly accompanied Vanessa Marie Naranjo and waited while she attempted to transport illegal drugs from Mexico into the United States over the pedestrian bridge at the border crossing at Laredo, Texas.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41422

*Adequacy of Factual Basis for Guilty Plea*

Marquez contends that his guilty plea was not supported by a sufficient factual basis. We review this contention for plain error. *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Marquez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We must first determine whether the district court committed a clear or obvious error in accepting Marquez's plea based on the factual record before it. *See Broussard*, 669 F.3d at 546; *see also* FED. R. CRIM. P. 11(b)(3). This inquiry involves a comparison of the conduct admitted by Marquez and the elements of the offense charged in the indictment. *Broussard*, 669 F.3d at 546. "'In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by [Marquez] during the plea colloquy and scan the entire record for facts supporting his conviction,' and draw any fair inferences from the evidence." *Id.* (quoting *United States v. Trejo*, 610 F.3d 308, 313, 317 (5th Cir. 2010)); *see also United States v. Booker*, 334 F.3d 406, 409 (5th Cir. 2003) (discussing elements of drug conspiracy); 21 U.S.C. § 846.

Marquez does not dispute that the record reflects that he knew Naranjo was transporting illegal drugs from Mexico to the United States. Rather he contends on appeal, as he did in the district court, that he did not know the type of drugs she was transporting.

"[T]o obtain a conviction under the knowledge element of section 846, the government is only required to show that the defendant knew that the substance was a controlled substance." *United States v. Patino-Prado*, 533 F.3d 304, 311-12 (5 Cir. 2008) (internal quotation marks and citation omitted));

No. 12-41422

*see also United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009) (same as to 21 U.S.C. § 841(a)).

The post-arrest statements provided by Marquez and Naranjo and the circumstances of Marquez's arrest provided facts from which it could be inferred that Marquez was a voluntary participant in the drug conspiracy. *See United States v. Brown,* 727 F.3d 329, 339 (5th Cir. 2013). In light of facts presented at the rearraignment and reported in the presentence report, the district court did not commit a clear and obvious error in accepting Marquez's guilty plea, as the record reflects that Marquez knowingly and voluntarily participated in an agreement with Naranjo and others to violate the narcotics laws. *See id.*; *Broussard*, 669 F.3d at 546.

### Denial of Motion to Withdraw Guilty Plea

Marquez contends that the district court erred in denying his motion to withdraw his guilty plea. "A defendant may withdraw a plea of guilty . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d). Seven factors are considered: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44. "[T]he burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant." *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). The district court should base its decision on the totality of circumstances. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). A district court's order denying

3

No. 12-41422

a defendant's motion to withdraw his guilty plea is reviewed by this court for an abuse of discretion. *Id.* "[A] district court abuses its discretion in denying a defendant's motion to withdraw a guilty plea only if the court bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* at 648-49.

Marquez contends that he "asserted his innocence throughout the plea colloquy," in his motion to withdraw his plea, and at sentencing. This contention is not supported by the record. Marquez's equivocations during the plea colloquy related only to his refusal to admit that he knew the type of drugs that were being transported by Naranjo. Marquez's lack of knowledge of the type of drugs being transported was not a fact that was material to his guilt. *See Patino-Prado*, 533 F.3d at 311-12; *Betancourt*, 586 F.3d at 308-09. Marquez admitted at the rearraignment that he knew that Naranjo was transporting drugs. Because Marquez's solemn declarations in open court carry a strong presumption of verity, which has not been rebutted, the district court did not abuse its discretion in disregarding his assertion of innocence. *See McKnight*, 570 F.3d at 649.

Marquez next contends that the district court found that the Government would be prejudiced by permitting him to withdraw his plea and that the court identified no waste of judicial resources and no substantial inconvenience to the court. The district court did not find that the Government would not be prejudiced. Rather, it noted that the absence of prejudice does not necessarily justify granting a withdrawal motion. "Even if Defendant's trial would be brief," the court observed, "such does not necessitate a finding of no inconvenience to the Court." The court stated that this was especially true when the presentence report had already been prepared. The court stated that Marquez had made no showing that withdrawal would not waste judicial

4

resources. *See Brewster*, 137 F.3d at 857-58 (defendant bears burden of establishing *Carr* factors). Marquez has not shown that the district court abused its discretion in applying these factors. *See McKnight*, 570 F.3d at 645, 649-50.

Marquez contends that he did not receive close assistance of counsel. After the original arraignment, he asserts, counsel did not visit with him until the date of his guilty plea. Marquez contends that his plea was involuntary because of counsel's inactions. He asserts that the plea colloquy shows that he was not ready to enter his plea. These contentions find no support in the record.

Prior to accepting his plea, the magistrate judge interrogated Marquez at length to ensure that he did not want to go to trial. The district court found, based on counsel's credible testimony, that counsel met with Marquez at least four times prior to the plea, that counsel made several filings on Marquez's behalf, discussed the case with the prosecutor, the case agent, and Naranjo's counsel, and negotiated a plea agreement. Marquez has not shown that the district court abused its discretion in weighing this factor against him. *See McKnight*, 570 F.3d at 645, 649-50.

Finally, Marquez concedes that he delayed in filing his motion to withdraw but he contends that "his inaction seems to stem from his relationship with" his original counsel. The record reflect, however, that Marquez never asked counsel to seek withdrawal of his guilty plea.

Marquez has not shown that the district court abused its discretion in weighing the *Carr* factors. *See McKnight*, 570 F.3d at 645. The judgment is

AFFIRMED.