# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROCKY LEE MARQUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CV-1
USDC No. 5:10-CR-2506-2

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Pursuant to a 12 October 2016 certificate of appealability (COA), Rocky Lee Marquez, federal prisoner # 79765-279, contests the dismissal of his *pro se*, 28 U.S.C. § 2255 motion, which challenges his conviction for conspiring to possess, with intent to distribute, more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *United States v.*

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

*Marquez*, 547 F. App'x 517, 518–20 (5th Cir. 2013) (denial of motion to set aside guilty plea and conviction affirmed on direct appeal).

In moving under 28 U.S.C. § 2255 to set aside his sentence, Marquez asserted he received ineffective assistance of counsel (IAC) because his counsel, *inter alia*: (1) failed to object to the magistrate judge's taking his guilty plea, and (2) failed to advise Marquez and provide him "with discovery so that he could make a fully informed decision as to what plea should be entered". The court summarily denied and dismissed his motion with prejudice, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (Section 2255 Rules), ruling Marquez consented to the magistrate judge's taking his plea and his "second group of claims [regarding being informed as to his guilty plea were] conclusory". The court stated it could not "even begin to conduct a *Strickland* analysis because [Marquez] neglect[ed] to reference any erroneous advice or any specific evidence withheld". As permitted by his COA, Marquez contends the court erred by failing to give him an opportunity to amend his facially-insufficient IAC claims before it denied and dismissed his 28 U.S.C. § 2255 motion with prejudice. We agree in part.

Rule 4(b) of the Section 2255 Rules governs the initial consideration of a 28 U.S.C. § 2255 motion. The Rule directs the court to consider "[t]he motion, any attached exhibits, and the record of prior proceedings" relating to the judgment under attack, and authorizes summary dismissal if it "plainly appears" from those materials "that the moving party is not entitled to relief". Rule 4(b), Section 2255 Rules. Otherwise, it directs the court to require the Government's filing an answer. *Id.* If an answer is required, the movant will have an opportunity to submit a reply. Rule 5(d), Section 2255 Rules.

Factual findings in a denial of a 28 U.S.C. § 2255 motion are reviewed for clear error; issues of law, *de novo*. *United States v. Olvera*, 775 F.3d 726,

728–29 (5th Cir. 2015).  Moreover, the district court's implicit denial of leave to amend such a motion is reviewed for abuse of discretion.  *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) ("To penalize [a *pro se* litigant] for less-than-perfect pleading is a clear violation of the rule that courts must liberally construe *pro se* pleadings.").

Because such dismissals are disfavored, a court generally errs in dismissing or denying a *pro se* party's pleadings without providing an opportunity to amend.  *Peña v. United States*, 157 F.3d 984, 987 & n.3 (5th Cir. 1998).  In *United States v. Martinez,* 181 F.3d 627, 628–29 (5th Cir. 1999), our court vacated and remanded the denial of a 28 U.S.C. § 2255 motion in order to provide the movant an opportunity to state his IAC claims with greater specificity.  *See also United States v. Whitehead*, 393 F. App'x 226, 228 (5th Cir. 2010) (applying *Martinez*); *United States v. Tarver*, 2000 WL 554024 at *1 (5th Cir. Apr. 10, 2000) (answer from Government was required where motion and record did not establish whether movant was entitled to relief); *United States v. Rice*, 1999 WL 1338407 at *1 (5th Cir. Dec. 27, 1999) (noting litigant has right to amend prior to filing of responsive pleading under Fed. R. Civ. P. 15(a)).

Marquez's claims regarding the magistrate judge's role in taking his guilty plea are belied by the record, which shows he consented to the magistrate judge's taking his guilty plea, subject to the approval of the district court.  *United States v. Dees*, 125 F.3d 261, 266–68 (5th Cir. 1997).  Therefore, it "plainly appears" from the record that Marquez is not entitled to relief on that issue.  Rule 4(b), Section 2255 Rules; *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Marquez's remaining IAC claims are that counsel did not properly advise him regarding his guilty plea or provide him with discovery so that he could

make an informed decision.  Needless to say, the Sixth-Amendment right to effective assistance of counsel "extends to the plea-bargaining process".  *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

The Government asserts the court properly considered this court's ruling there was close assistance of counsel when Marquez pleaded guilty.  *Marquez*, 547 F. App'x at 520 (ruling Marquez's close-assistance-of-counsel "contentions find no support in the record").  Although our court previously ruled his close-assistance-of-counsel contentions lacked record support, whether Marquez received effective assistance of counsel is "distinct" from whether he received close assistance of counsel under *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984).  *United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014); *see also United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).  Accordingly, it does not plainly appear Marquez is not entitled to relief with respect to his remaining IAC claims.  Rule 4(b), Section 2255 Rules.  Therefore, Marquez, a *pro se* litigant, should have been granted the opportunity to state his IAC claims with greater specificity.  *Martinez*, 181 F.3d at 628–29.

AFFIRMED IN PART and VACATED AND REMANDED IN PART.