# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2021

Lyle W. Cayce
Clerk

No. 18-40669

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABRAHAM HERNANDEZ-ZAVALA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:16-CR-35-1
No. 2:18-CV-37
No. 2:15-CR-883-1

Before JONES, SMITH, and ELROD, *Circuit Judges*.
JERRY E. SMITH, *Circuit Judge*:

Abraham Hernandez-Zavala, federal prisoner # 28801-298, appeals the summary dismissal of his *pro se* 28 U.S.C. § 2255 motion, in which he challenged his sentence for revocation of supervised release that resulted in an 18-month prison sentence to run consecutively with his sentence for illegal reentry.

Hernandez-Zavala pleaded guilty of illegal reentry and pleaded true to

No. 18-40669

violating his conditions of supervised release.  In his § 2255 motion, he asserted that he received ineffective assistance of counsel and that his due process rights were violated.  The district court summarily dismissed his motion, finding that his ineffective-assistance claims were meritless, his due process claims were meritless and procedurally barred, and his motion was untimely.  Hernandez-Zavala appealed, contending, *inter alia*, that the district court erred in summarily dismissing his motion because the court did not address all of his claims and because the court denied him the opportunity to amend to state his claims with more specificity.  This court issued a certificate of appealability ("COA") in part, reasoning that it was debatable whether the district court erred in dismissing his motion without permitting him an opportunity to amend.[1]

We review factual findings in a denial of a § 2255 motion for clear error and issues of law *de novo*.  *United States v. Olvera*, 775 F.3d 726, 728–29 (5th Cir. 2015).  A district court's denial of leave to amend a § 2255 motion is reviewed for abuse of discretion.  *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam).

Before the dismissal of his § 2255 motion, Hernandez-Zavala never moved for leave to amend the motion.  But he now avers that the district court erred in summarily dismissing his motion, contending that he should have

---

[1] The COA did not expressly address whether the district court erred in dismissing Hernandez-Zavala's § 2255 motion as untimely.  The district court found that Hernandez-Zavala's conviction became final on January 17, 2017, and that because he filed his petition on January 29, 2018, it was barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  Hernandez-Zavala contends—and the government agrees—that his petition was, in fact, timely because this court denied his petition for rehearing on November 22, 2016, and his conviction became final 90 days after that denial on February 20, 2017. Hernandez-Zavala is correct that his petition was timely, so the district court erred in finding it barred by limitations.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (per curiam).

been permitted to state his claims with greater specificity. The government counters that district courts do not have a duty *sua sponte* to give § 2255 movants a chance to amend their motions.

We agree. A district court does not err in declining to offer *sua sponte* a § 2255 movant an opportunity to amend.

In most of the cases that Hernandez-Zavala cites in support of his contention, the movants sought leave to amend before the dismissal of their § 2255 motions.[2] He also cites one other published opinion, *United States v. Martinez*, 181 F.3d 627 (5th Cir. 1999), to support his position. Although *Martinez* vacated and remanded to allow the movant to "state with greater specificity his complaints," the court did not purport to impose a universal duty on district courts to provide *sua sponte* the chance to amend deficient § 2255 motions. *Id.* at 629. Indeed, *Martinez* did not address whether the movant had requested leave to amend before the dismissal. *See id.* at 628. Thus, *Martinez* does not establish a requirement to offer *sua sponte* a movant the opportunity to amend.

Moreover, Hernandez-Zavala fails to state how he would cure his § 2255 motion if given the chance to amend. Outside the § 2255 context, we have held repeatedly that a district court does not abuse its discretion in dismissing complaints where a plaintiff does not explain how he or she would amend. *See, e.g.*, *Benfield v. Magee*, 945 F.3d 333, 339–40 (5th Cir. 2019). Although he requests the opportunity to state his claims with more specificity, Hernandez-Zavala does not explain what facts he would allege to do so.

---

[2] *See Riascos*, 76 F.3d at 94–95; *United States v. Rice*, No. 99-20751, 1999 U.S. App. LEXIS 39531, at *1 (5th Cir. Dec. 27, 1999) (per curiam) (unpublished); *United v. Alcantar*, No. 98-20932, 1999 WL 422955, at *1 (5th Cir. May 25, 1999) (per curiam) (unpublished). In each of those cases, the movant either requested leave to amend before dismissal or included pleadings that reasonably should have been interpreted as requests to amend.

No. 18-40669

Because the district court was not required to offer *sua sponte* the chance to amend and because Hernandez-Zavala does not explain how he would amend if given the opportunity, the court did not abuse its discretion in summarily dismissing the § 2255 motion.

The judgment of dismissal is AFFIRMED.