United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2007

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the F ifth Circuit

―――――――――

m 05-11215

―――――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES DEMIK,

Defendant-Appellant.

―――――――――

Appeal from the United States District Court
for the Northern District of Texas

―――――――――

Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

PER CURIAM:

The district court denied James Demik's request for an evidentiary hearing on his claim of ineffective assistance of counsel. Because the court did not abuse its discretion, we affirm.

### I.

Demik was found guilty by a jury. After trial, he fired his trial counsel and filed *pro se* motions, including a motion for a new trial and a motion to adopt his co-defendants' motions. In the former, Demik alleged his trial counsel was ineffective, stating the following:

Defendant DeMik's counsel failed or refused direct instructions with respect to critical motions and final argument, failed to make or register numerous motions, objections and final argument issues demanded by remedial and historic rules of effective representation and otherwise failed to provide Defendant DeMik a nomi-

nal defense and/or fair and impartial trial.

In the latter motion, Demik urged that

3. One of many procedural basis [*sic*] for Defendant DeMik's termination of trial counsel was said counsel's the [*sic*] failure to make a pre-trial motion to severe [*sic*] the government's cause of action from other misjoined codefendants as expressly requested by Defendant but only revealed after the verdict was received.

4. Without regard to the merit of instructions to trial counsel made by Defendant DeMik nor to his actions or inactions during trial, Defendant and/or any appointed counsel would be at an extreme disadvantage in pursuing legitimate post guilty and/or appellate pleadings and arguments unless Defendant DeMik is afforded the adoption of codefendants motions, rulings on motions, objections and rulings on objections, supporting United States of America v. Lawrence A. Shafer, *et al*[.], 384 F. Supp. 496.

Demik was appointed new counsel, the federal public defender, who filed a motion for a continuance of sentencing, asserting that '[t]he basis [for] this request is that Mr. Demik sincerely believes that he received ineffective assistance of counsel at trial, and it will take some time to receive the transcripts and to hold a requested hearing." Also, the federal public defender filed a supplemental motion for new trial, asserting numerous reasons why Demik's trial counsel was ineffective, such as his failure to file an exhibit list, a witness list, jury instructions, or any objections to the government's filings.

Finally, Demik's new attorney filed a motion for an evidentiary hearing regarding ineffective assistance. That motion did not make any specific allegations about Demik's trial counsel but stated that Demik was requesting the hearing to develop a record that would allow subsequent review of his ineffective assistance claim.

The district court granted the motion for a continuance of sentencing but denied a new trial. The court stated that Demik's supplemental motion for new trial had not been filed timely, so it did not consider the arguments from that motion. It did consider Demik's allegations of ineffective assistance that he had raised in his initial motion for new trial. The court construed Demik's *pro se* motion as having argued that counsel was ineffective because counsel had (1) refused his direct instructions regarding critical motions and final argument and (2) failed to make numerous motions or objections. These allegations, the court concluded, were insufficient, citing, among other authorities and reasons, *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000): "[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."

The court also denied an evidentiary hearing. Demik argues that the court erred in that ruling and contends that he raised that issue through the various motions described above.

## II.

We have not previously articulated what standard of review to use, on direct appeal, to evaluate the denial of an evidentiary hearing regarding a claim of ineffective assistance of counsel. In cases involving petitions for writs of habeas corpus under 28 U.S.C. § 2255, we review the denial of an evidentiary hearing for

2

abuse of discretion.[1] We now apply that standard on direct appeal.

### III.

Demik contends that a district court must hold an evidentiary hearing on a claim of ineffective assistance of counsel unless the record conclusively shows the defendant is entitled to no relief.[2] We need not decide whether that standard applies here in a case on direct appeal, because conclusional allegations are insufficient to require an evidentiary hearing. [3] Even *Bartholomew*, 974 F.2d at 42, on which Demik relies, suggests that a complaint must have specificity to support a claim of ineffective assistance of counsel. Without such specificity, the allegation does not require an evidentiary hearing. *Id.*

Demik has raised only conclusional allegations that his counsel was ineffective. In his *pro se* motion for new trial, he makes generalized assertions about counsel's failure to file motions, to make objections, and to follow Demik's instructions. He does not, however, allege what actions his attorney should have taken or how those actions would have affected the outcome of the trial.

In his *pro se* motion to adopt his co-defendants' motions, Demik asserts only one motion that his trial counsel did not file despite Demik's instructions, but he makes no attempt to describe any harm resulting from that failure. Furthermore, that motion did not request an evidentiary hearing regarding ineffective assistance of counsel, but only requested that the court allow Demik to adopt his co-defendants' motions and objections. Similarly, the federal public defender's motions for a continued sentence and evidentiary hearing fail to state specific reasons why Demik's trial counsel was ineffective; the motions merely make a general claim that trial counsel was ineffective.[4]

AFFIRMED.

---

[1] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992) (per curiam).

[2] *See Bartholomew*, 974 F.2d at 41 ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").

[3] *See Davis v. Butler*, 825 F.2d 892, 895 (5th Cir. 1987) ("Given his lack of concrete allegations which would require an evidentiary hearing, we decline to consider this claim. *See Petty v. McCotter*, 779 F.2d 299, 301 (5th Cir. 1986); *Hobbs v. Blackburn*, 752 F.2d 1079, 1083 (5th Cir. 1985).").

[4] We do not reach whether the supplemental motion for a new trial stated allegations with sufficient specificity, because that motion was not timely filed, and the district court was within its discretion not to consider it.