**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIUS JUNIOR AJAH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-14-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julius Junior Ajah appeals the district court's denial of his motion for new trial and the 151-month sentence he received following his jury trial conviction for possession with intent to distribute more than five kilograms of cocaine.

Ajah argues that he was denied effective assistance of counsel who prevented him from testifying at trial and, therefore, the district court abused its discretion when it denied his motion for a new trial without considering his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pro se affidavit and without holding an evidentiary hearing. Ajah has not challenged the district court's reasons for refusing to consider the affidavit and thus has abandoned any challenge to that refusal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In his motion for new trial, Ajah merely stated that he "was denied effective trial [counsel] because [he] wanted and asked to testify on his own behalf at trial, but his attorney did not allow him. His attorney told him it would not be a good idea." His conclusional allegation of deficient performance without an allegation of prejudice was insufficient under *Strickland v. Washington*, 466 U.S. 668 689-94, 697 (1984), failed to demonstrate that the interest of justice required a new trial, *see* FED. R. CRIM. P. 33(a), and was insufficient to warrant an evidentiary hearing, *see United States v. Demik*, 489 F.3d 644, 646 (5th Cir.), *cert. denied*, 128 S. Ct. 456 (2007). Thus, the district court did not abuse its discretion by denying Ajah's motion for a new trial without holding an evidentiary hearing. We decline to consider the merits of the ineffective assistance claim at this time. *See United States v. Lampazianie*, 251 F.3d 519, 527 (5th Cir. 2001).

Ajah argues that he met the criterion of U.S.S.G. § 5C1.2(a)(5) and thus the district court erred in denying him a two-level reduction under U.S.S.G. § 2D1.1(b)(11). As the party seeking this sentencing adjustment, Ajah had the burden of proving the facts to support the adjustment. *See United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996). In the district court, Ajah merely asserted that he had provided and was prepared to provide complete and truthful information to the Government prior to the sentencing hearing. He did not point to his post-arrest cooperation and proffer statements or offer any evidence or argument at sentencing in support of the adjustment. Thus, he failed to carry his burden. *See Flanagan*, 80 F.3d at 146. Additionally, the district court's finding that Ajah had not truthfully provided all information and evidence to the Government is plausible in light of the record and, thus, not clearly erroneous. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764

(5th Cir. 2008). The district court did not err by not applying the § 2D1.1(b)(11) adjustment.

Ajah also contends this his sentence is substantively unreasonable because the district court gave no real consideration to the 18 U.S.C. § 3553(a) factors and the sentence at the top of the advisory guidelines range is greater than necessary to meet the sentencing objectives of § 3553(a)(2). Ajah did not point out in the district court any of the specific circumstances he now contends that the court erred in failing to consider. The record demonstrates that the district court considered the § 3553(a) factors to determine that a sentence at the top of the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a)(2). Ajah has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

The judgment of the district court is AFFIRMED.