**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-4410**

───────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

COLLIN HAWKINS,

             Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:10-cr-00004-JPJ-PMS-1)

───────────────

Submitted:  June 20, 2013              Decided:  June 28, 2013

───────────────

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Collin Hawkins, Appellant Pro Se. Debbie H. Stevens, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Collin Hawkins, a prisoner at United States Penitentiary Lee ("USP Lee"), appeals the district court's judgment sentencing him to 188 months' imprisonment for willfully conniving and assisting in a riot at USP Lee in violation of 18 U.S.C. § 1792 (2006), forcibly resisting an employee of the Bureau of Prisons in violation of 18 U.S.C. § 111(a)(1), possession of a prohibited object designed and intended to be used as a weapon in violation of 18 U.S.C. § 1791(1)(2), (d)(1)(B) (2006), and felony contempt of a court order in violation of 18 U.S.C. § 401(3) (2006). Hawkins pled guilty to the felony contempt charge and was convicted of the other charges after a bench trial. Hawkins was acquitted on a second charge of possession of a prohibited object.

On appeal, Hawkins argues that his due process rights were violated when the Government destroyed video tape evidence and the weapon that he was accused of possessing, that his due process rights were violated when the Government knowingly allowed its witnesses to make false statements, that his trial counsel was ineffective, that the district court erred when it denied his Fed. R. Crim. P. 29 motion for acquittal, that the district court erred when it denied his Fed. R. Crim. P. 33 motion for a new trial, and that his guilty plea was not knowing and voluntary. We affirm.

First, Hawkins contends that the Government violated his due process rights by destroying exculpatory evidence. The duty to preserve evidence arises when the evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 488-89 (1984). However, the failure to preserve even potentially exculpatory evidence does not automatically constitute a due process violation. It is only when the "defendant can show bad faith on the part of the police[] [that] failure to preserve potentially useful evidence" amounts to the denial of due process. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Bad faith "requires that the officer have intentionally withheld the evidence for the purpose of depriving the plaintiff of the use of that evidence during his criminal trial." Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000).

Hawkins argues that the Government acted in bad faith when it reviewed video footage of the incident and chose to preserve only that footage it deemed to have investigatory value. We conclude that Hawkins has not met the high bar for a failure to preserve evidence claim. Multiple witnesses at trial testified to the events in question, relevant video footage was preserved and presented at trial, and there simply was no

3

indication that the video that was destroyed included any footage that was exculpatory or otherwise inconsistent with the video that was retained. Hawkins also argues that the Government failed to preserve evidence of the weapon he was accused of possessing. A photograph of the weapon was admitted into evidence, however, and a correctional officer testified at trial to the weapon's nature. There is no basis to conclude, then, that production of the actual weapon would have been clearly exculpatory. Therefore, we conclude that Hawkins has failed to establish a claim for failure to preserve evidence.

Next, Hawkins argues that his due process rights were violated when the Government knowingly allowed its witnesses to make false statements. Due process is implicated if the prosecution presented testimony it knew to be false. See Giglio v. United States, 405 U.S. 150, 153 (1972). The knowing use of false evidence or perjured testimony constitutes a due process violation when there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). Defendants bear the burden of showing the testimony was actually perjured and the prosecution used it with contemporaneous knowledge it was false. United States v. Roane, 378 F.3d 382, 401 (4th Cir. 2004). We note that Hawkins was tried before a district judge, drastically reducing the likelihood that the

4

fact finder was misled. Further, the purportedly false statements that Hawkins alleges are no more than typical testimonial inconsistencies, some of which were addressed before the fact finder at trial and were resolved against him.

Next, Hawkins contends that his trial counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct review. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). However, we can entertain such claims on direct appeal if it conclusively appears from the record that defense counsel did not provide effective representation. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). In order to succeed on a claim of ineffective assistance of trial counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of Strickland, there is a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance. Id. at 689. The reviewing court must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors, rather than with the benefit of hindsight. Id. at 690. "Conclusory allegations are insufficient to raise cognizable claims of ineffective

5

assistance of counsel." United States v. Demik, 489 F.3d 644, 646 (5th Cir. 2007) (alterations omitted); United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

To satisfy the second prong of Strickland, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing prejudice and, if the defendant cannot meet his burden, the performance prong need not be considered. Id. at 697. Upon review of the record, we conclude that Hawkins' counsel effectively presented his preferred defense at trial and challenged Government witnesses on key points in his defense. Therefore, because the record does not conclusively show that counsel was ineffective, we decline to consider this issue on direct appeal.

Hawkins next claims that the district court erred when it denied his Fed. R. Crim. P. 29 motion for a judgment of acquittal as to his willfully conniving and assisting in a prison riot charge based on insufficiency of the evidence. We review the denial of a Rule 29 motion de novo. See United States v. Cloud, 680 F.3d 396, 403 (4th Cir.), cert. denied, 133 S. Ct. 218 (2012). When a Rule 29 motion was based on a claim

6

of insufficient evidence, the verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Whitfield, 695 F.3d 288, 310 (4th Cir. 2012) (internal quotation marks and citations omitted), cert. denied, 133 S. Ct. 1461 (2013). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

Upon review of the record, we conclude that substantial evidence existed to show that Hawkins participated in a prison riot. The district court credited the Government's witnesses who testified that Hawkins had been involved in fighting other inmates, that he resisted attempts to restrain him, that he sought to return to the melee, and that once the fighting was concluded he made verbal signals to other inmates, indicating his affiliation with one of the groups that had engaged in the riot. We find this evidence sufficient to support Hawkins' conviction.

Hawkins also argues that the district court erred when it denied his Fed. R. Crim. P. 33 motion for a new trial based on newly discovered evidence. We review a district court's denial of a Rule 33 motion for a new trial for abuse of

7

discretion.  United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  To receive a new trial based on newly discovered evidence, a defendant must show that: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal.  United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001).  The trial court "should exercise its discretion to award a new trial sparingly . . . ."  Smith, 451 F.3d at 216-17 (internal quotation marks omitted).

Hawkins contends that he discovered a dozen new witnesses willing to testify to his version of events.  However, we conclude that the district court did not err when it denied his motion.  Based on Hawkins' representations, none of these witnesses would testify to new evidence.  Rather, their purpose would simply have been to bolster the version of events that Hawkins had already presented at trial.  Therefore, their testimony would be merely cumulative.

Lastly, Hawkins contends that his guilty plea to the felony contempt charge was not knowing and voluntary because he had been misadvised as to the maximum sentence for violation of 18 U.S.C. § 401(3) (2006).  That statute reads, in relevant part: "A court of the United States shall have power to punish

by fine or imprisonment, or both, at its discretion, such contempt of its authority as . . . Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3) (2006). Hawkins was informed at the Fed. R. Crim. P. 11 hearing that there was no maximum sentence for violation of § 401(3). This is an accurate statement of the maximum sentence. See Richmond Black Police Officer's Ass'n v. City of Richmond, 548 F.2d 123, 128 (4th Cir. 1977) ("18 U.S.C. § 401(3) does not contain statutory maximums regarding penalties which may be imposed."). Therefore, we conclude that Hawkins' guilty plea was knowing, voluntary, and effective.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED