**Royce M. REICHERT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 03–2121.

United States Court of Appeals, Sixth Circuit.

April 27, 2004.

———

Royce M. Reichert, Libson, OH, pro se.

Before: DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

*ORDER*

Royce M. Reichert appeals from a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Reichert pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1), and the district court sentenced him to 240 months of imprisonment and five years of supervised release. Reichert did not appeal from this judgment. After the government moved for a reduced sentence under Fed.R.Crim.P. 35(b), the district court resentenced Reichert to 200 months of imprisonment and five years of supervised release on July 31, 2002. Reichert did not appeal from his resentencing. On August 4, 2003, Reichert filed his § 2255 motion. The district court denied Reichert's § 2255 motion as untimely, and the court subsequently denied Reichert's motion for reconsideration. On appeal, this court granted Reichert a certificate of appealability for the following issue: whether the district court properly denied Reichert's motion to vacate as untimely under the statute of limitations set forth in § 2255.

Upon review, we conclude that the district court properly dismissed Reichert's

* The Honorable Jon Phipps McCalla, United States District Judge for the Western District  of Tennessee, sitting by designation.

§ 2255 motion as untimely. Pursuant to paragraph six of § 2255, a federal prisoner must file his motion to vacate within one year after his judgment of conviction becomes final. As a defendant's conviction becomes final at the conclusion of direct review, *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir.2001), Reichert's conviction became final in January 2000, when he did not appeal from the district court's judgment of conviction. Since Reichert did not file his motion to vacate until August 2003, he did not file the motion within the one-year period required by § 2255.

Reichert argues that the § 2255 statute of limitations began to run again following his resentencing in July 2002. When a federal prisoner is resentenced following a Rule 35(b) motion by the government, the statute of limitations does not start from the date of the resentencing judgment. *See United States v. Sanders*, 247 F.3d 139, 142–44 (4th Cir.2001). Under 18 U.S.C. § 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion. *Id.;* *United States v. Schwartz*, 274 F.3d 1220, 1223–24 (9th Cir.2001). In light of § 3582(b), Reichert's 1999 judgment of conviction and sentence remains his final judgment for purposes of the § 2255 statute of limitations, and he failed to file his motion to vacate within one year of the date of that final judgment.

Reichert also argues that the district court should not have sua sponte dismissed his § 2255 motion on the basis of the statute of limitations. This court has concluded that a district court can dismiss a habeas petition sua sponte on the basis of the statute of limitations, but the court should first provide the petitioner with notice and an opportunity to be heard prior to the dismissal. *Scott v. Collins*, 286 F.3d 923,

929–30 (6th Cir.2002). While the district court did not provide Reichert with notice prior to its sua sponte dismissal of his § 2255 motion, any error was harmless. Reichert filed a motion for reconsideration, in which he fully challenged the district court's dismissal of his motion to vacate on the basis of the statute of limitations. The district court considered the motion on the merits and denied it. Therefore, Reichert had an opportunity to raise his arguments concerning the denial of his motion to vacate, and the district court fully considered his arguments.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C). Rules of the Sixth Circuit.