# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1661

_____

Jasen Byers,                        *
*
        Appellant,          *
*   Appeal from the United States
   v.                       *   District Court for the
*   Western District of Missouri.
United States of America,    *
*
        Appellee.          *

_____

Submitted: January 14, 2009
Filed: April 9, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

LIMBAUGH, District Judge.

Jasen Byers appeals the denial of his *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed against him on his conviction for conspiracy to distribute a controlled substance. He filed his motion on the ground that a previously dismissed conviction had been used in the presentence investigation report to increase the statutory mandatory minimum. The district court dismissed the motion as untimely because it was not filed within one year of the judgment of Byers'

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

conviction. Byers appeals, asserting that the district court[2] erred by dismissing Byers' motion without considering the doctrine of equitable tolling and holding a hearing on the equitable tolling claim. We affirm.[3]

On February 12, 2004, Byers pled guilty to a charge of conspiracy to distribute a controlled substance in violation of 21 US.C. §§ 841(a)(1), (b)(1)(A), and 846. As part of the plea agreement, he waived his rights to appeal and to seek-post conviction relief. Prior to the plea, the Government filed a Notice and Information of Intent to Use Prior Conviction to Enhance Punishment pursuant to 21 U.S.C. § 851. The enhancement was based on a May 23, 2002, conviction in the Circuit Court of Adams County, Colorado, for distribution of a controlled substance. This enhancement increased Byers' statutory mandatory minimum from not less than 10 years to not less than 20 years, and the new range of punishment superseded Byers' guideline range of 168 to 210 months. It appears that neither side objected to the presentence investigation report in which these representations were made.

On November 9, 2004, Byers was sentenced to a 150-month term of imprisonment after receiving a downward departure from the mandatory minimum sentence of 240 months for substantial assistance. On July 10, 2007, that sentence was reduced again to 96 months after the Government filed a motion under Federal Rule of Criminal Procedure 35(b) based upon Byers' continued substantial assistance.

On January 17, 2008, approximately 6 months following the Rule 35 hearing where his original sentence was reduced and more than three years after his original

---

[2] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[3] United States of America v. Jasen Byers, et al., No. 08-2014, which is Byers' appeal of the denial of his 18 U.S.C. § 3582 (c)(2) motions for sentence reduction in this same prosecution, is also filed this day, April 9, 2009.

sentence was imposed, Byers filed a *pro se* Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255. Among his assertions was the claim that his attorney had been ineffective at sentencing by failing to object to the Government's use of the May 23, 2002, conviction, which had been dismissed.[4]

The Government moved to dismiss Byers' motion as untimely because it was not filed within one year from the date of his conviction. Byers filed a response, arguing that his motion was timely because it was filed within one year from the date that his sentence was reduced under Rule 35(b). The district court dismissed Byers' motion as untimely, emphasizing that the modification of a sentence under Rule 35(b) does not extend the time for filing a motion under § 2255. Byers now appeals from the dismissal of his motion arguing, for the first time on appeal, that the district court erred in failing to apply the doctrine of equitable tolling to his motion.

We review *de novo* a district court's decision to dismiss a § 2255 motion as untimely. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008); E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

---

[4]The legal and practical effect of the dismissal is disputed. The Government submits that only one count of the Colorado indictment was dismissed, that defendant did in fact plead guilty to the other count which was distribution of a controlled substance, and that in any event, there was another state drug conviction that the Government could have used in the alternative for enhancement purposes. Further, the Government asserts that because Byers did not object to the presentence investigation report, the convictions as recorded in that report are presumed as fact.

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Under paragraph 6 of § 2255, motions must be filed within a one-year period that begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or;
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

Despite Byers' argument that his *pro se* motion was timely filed because it was filed within one year of his sentence modification under Rule 35(b), both parties are now in agreement, and this Court so holds, that the motion was not timely filed because the modification was not a "judgment of conviction." *Accord*, United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001); United States v. Schwartz, 274 F.3d 1220, 1224 (9th Cir. 2001); United States v. Chapman, 220 Fed. App'x. 827, 830 (10th Cir. 2007); Reichert v. United States, 101 Fed. App'x 13, 14 (6th Cir. 2004); *see also* United States v. Gericke, No. 4:02CR3176, 2007 WL 1291098 (D. Neb. Mar. 21, 2007).

Nevertheless, Byers now argues that the doctrine of equitable tolling should be applied, allowing his motion to be considered timely. Because a claim of equitable tolling was not raised in the district court, the court did not conduct a hearing or make findings of fact on any disputed issues relating to the claim. Accordingly, this Court must review this issue *de novo*. United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005); Jihad v. Hvass, 267 F.3d 803, 806 n. 3 (8th Cir. 2001). Furthermore, because equitable tolling was not raised below, it is reviewable solely as a matter of plain error. In general, "this court will not consider arguments raised for the first time on appeal." Wiser v. Wayne Farms, 411 F.3d 923, 926 (8th Cir. 2005) (quoting Wever v. Lincoln County, Nebraska, 388 F.3d 601, 608 (8th Cir. 2004)). This Court may, however, notice plain error despite a failure to raise the issue below, but it is applied "sparingly and only in situations where it is necessary to do so to prevent a great miscarriage of justice." U.S. v. Frady, 456 U.S. 152, 163 n. 14 (1982) (quoting United States v. DiBenedetto, 542 F.2d 490, 494 (8th Cir. 1976)).

On the merits of his equitable tolling claim, Byers contends that his attorney was ineffective in failing to pursue Byers' claim that the previous drug conviction used to increase Byers' mandatory minimum had been dismissed. Specifically, Byers asserts that he made his attorney aware of his belief that the previous conviction was dismissed prior to his original sentencing, and yet his attorney did not object to its use in the presentence investigation report. In addition, Byers alleges that he again communicated his belief to his attorney before the Rule 35 hearing at which time his attorney suggested that the problem be taken care of extra-judicially through negotiations with the AUSA. Under these circumstances, Byers argues, the time for filing his § 2255 motion should have been tolled.

To be sure, the Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but it is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) (quoting Baldayaque v.

United States, 338 F.3d 145, 152 (2d Cir. 2003)). In that regard, ineffective assistance of counsel that is due simply to an attorney's negligence or mistake does not generally constitute an "extraordinary circumstance" that would justify equitable tolling. Id. at 1093. Furthermore, such extraordinary circumstances must not be attributable to the petitioner, Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005), and must be "beyond a prisoner's control," Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Finally, "[t]he petitioner must also demonstrate he acted with due diligence in pursuing his petition." E.J.R.E. v. United States, 453 F.3d 1094, 1098 (citing Martin, 408 F.3d at 1095).

To establish that his attorney's behavior was so outrageous or so incompetent as to render it extraordinary, Byers relies primarily on the Martin case, but Martin is easily distinguishable. In that case, and in contrast to Byers' claim, the movant's attorney consistently lied about the filing deadline for a § 2255 motion, repeatedly lied about the status of the case, refused to communicate with the movant, and failed to file any documents regarding the § 2255 motion with the court. Martin, 408 F.3d at 1094-95. Although Byers claims his attorney's failure to object to the conviction was ineffective assistance of counsel, there is no allegation of deceit, misrepresentation, or other serious misconduct on the part of his attorney that prevented Byers from timely filing his § 2255 motion.

Instead, the record reflects and Byers admits that his attorney continued to work with the AUSA to have Byers sentence reduced based on Byers cooperation, and he informed Byers that he believed the issue of whether his previous charge had been dismissed should be handled directly with the AUSA. And again, even if the failure to object was in error, ineffective assistance of counsel caused by an attorney's

-6-

negligence or mistake is not considered an extraordinary circumstance for the purposes of equitable tolling.  <u>Martin</u>, 408 F.3d at 1093.[5]

In sum, the actions of Byers' attorney do not warrant an application of the doctrine of equitable tolling to this case.  Further, even if his attorney's conduct justified equitable tolling, Byers has not presented evidence of a "great miscarriage of justice" that constitutes plain error.  Byers' § 2255 motion was untimely filed and the district court properly dismissed it.

For these reasons, the order of dismissal is affirmed.

—————————————————————

---

[5]In addition, the possibility of filing a § 2255 motion may have been foreclosed by the plea agreement in which Byers waived his rights to appeal or seek post-judgment relief, but the merits of the waiver was not a basis for the parties' arguments.