**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 22, 2011

Lyle W. Cayce
Clerk

No. 10-51057
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IGNACIO OLVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1484-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ignacio Olvera pleaded guilty to conspiracy to possess five kilograms or more of cocaine with intent to distribute and possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841, 846. The district court sentenced him to 168 months in prison and five years of supervised release. Olvera appeals, challenging the district court's determination of his sentence and asserting that trial counsel rendered ineffective assistance.

In his first point of error, Olvera contends that the district court failed to make independent determinations of disputed issues of fact regarding the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quantity of cocaine for which he was held accountable. Olvera failed to raise this objection in the district court, and we review for plain error. *See United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008).

Although a district court must resolve disputes as to facts on which it intends to rely for sentencing, *United States v. Rodriguez*, 897 F.2d 1324, 1327-28 (5th Cir. 1990), Olvera raised no objections to the drug quantity calculations in the presentence report (PSR), nor did he offer any evidence to rebut those calculations. The district court was thus free to adopt the facts in the PSR without further inquiry or findings. *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010). Olvera has demonstrated no error, much less plain error. *See id.*

Olvera next argues that the district court violated the Sixth Amendment rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296, 301 (2004), by considering facts outside those admitted as part of his guilty plea, including his criminal history and the drug quantity determination. We again review for plain error. *See United States v. Gore,* 298 F.3d 322, 324 (5th Cir. 2002).

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court remedied the Sixth Amendment error resulting from judicial factfinding under the Guidelines by excising statutory provisions making the Guidelines mandatory and rendering them advisory only. *United States v. Johnson*, 445 F.3d 793, 797-98 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Under this advisory sentencing regime, a district court is free to find all facts relevant to sentencing by a preponderance of the evidence without running afoul of the Sixth Amendment. *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009), *cert. denied*, 131 S.Ct. 136 (2010). Olvera's contention to the contrary is, therefore, mistaken. *See Johnson*, 445 F.3d at 797-98. He has failed to demonstrate any error, plain or otherwise.

No. 10-51057

Finally, with respect to Olvera's claims of ineffective assistance of counsel, there is no record on which we can assess the professional reasonableness of counsel's performance or any prejudicial effect. *See Massaro v. United States*, 538 U.S. 500, 505 (2003); *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Accordingly, we decline to reach Olvera's claims, without prejudice to Olvera's ability to bring them in a motion pursuant to 28 U.S.C. § 2255.

AFFIRMED.