**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARCELONE HUGHES,
*Petitioner*,

v.

UNITED STATES OF AMERICA,
*Respondent*.

No. 13-73278

OPINION

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255

Argued and Submitted
July 9, 2014—San Francisco, California

Filed October 23, 2014

Before: N. Randy Smith and Morgan Christen, Circuit
Judges, and Lawrence L. Piersol, Senior District Judge.[*]

Opinion by Judge Christen

---

[*] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for the District of South Dakota, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel denied a federal offender's application for an order authorizing him to file a second or successive motion under 28 U.S.C. § 2255 to vacate his sentence.

The panel held that the Supreme Court has not made *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that any fact that increases the mandatory minimum is an element that must be submitted to the jury), retroactive to cases on collateral review.

### COUNSEL

Quin Anthony Denvir (argued), Attorney at Law, Davis, California, for Petitioner.

Dawrence Wayne Rice, Jr. (argued), Office of the United States Attorney, Fresno, California, for Respondent.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

CHRISTEN, Circuit Judge:

Marcelone Hughes applies for an order granting him authorization to file a second or successive habeas corpus motion to vacate his sentence. Hughes argues that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), created "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This is an issue of first impression in the Ninth Circuit. We have jurisdiction under 28 U.S.C. §§ 2244(b) & 2255(h). We join our sister circuits in concluding that the Supreme Court has not made *Alleyne* retroactive to cases on collateral review, and we deny the application.

**BACKGROUND**

Hughes was indicted in October 2002 for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In July 2003, a jury convicted him of that offense. The statutory penalty for brandishing a firearm during a crime of violence is a term of imprisonment of not less than seven years. *Id.* § 924(c)(1)(A)(ii). The mandatory minimum sentence increases to ten years if a semi-automatic assault weapon is used. *Id.* § 924(c)(1)(B)(i).

At Hughes's March 2004 sentencing hearing, the district court, over an objection from Hughes's counsel, made a finding that Hughes brandished a semi-automatic assault weapon. The court imposed the ten-year mandatory minimum sentence. In doing so, the district court relied on *Harris v. United States*, 536 U.S. 545 (2002), which allowed

judges to make factual findings at the time of sentencing based on a preponderance of the evidence.

Hughes appealed the district court's finding and sentence, but our court affirmed the district court's ruling, citing *Harris*. *United States v. Hughes*, 178 Fed. App'x. 703, 705–06 (9th Cir. 2006). Hughes then filed a motion under 28 U.S.C. § 2255 seeking to collaterally attack the judgment. He argued that the nature of the firearm had been neither found by the jury nor established beyond a reasonable doubt. Again relying on *Harris*, the district court denied the motion. *Hughes v. United States*, 2008 U.S. Dist. LEXIS 118361 at *13–18 (E.D. Cal. Aug. 7, 2008).

In 2013, the Supreme Court overruled *Harris* in *Alleyne. Alleyne*, 133 S. Ct. at 2155. The Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id. Alleyne* relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490; *Alleyne*, 133 S. Ct. at 2168. *Alleyne* reasoned that "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum." 133 S. Ct.

at 2163. The Court resolved *Alleyne* on direct review and did not declare that its holding should be applied retroactively on collateral attack. *See id*. at 2155 (describing procedural history).

Soon after *Alleyne* was decided, Hughes filed a pro se application in this court for permission to file a second or successive § 2255 motion. Our court appointed counsel for Hughes and ordered that counsel file a supplemental application for authorization to file a second or successive § 2255 motion. The supplemental application argues that Hughes's "Fifth and Sixth Amendment rights were violated when the finding as to the nature of the firearm was made by a preponderance of the evidence, not beyond a reasonable doubt."

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act limited the ability of federal courts to grant relief to prisoners who file second or successive habeas corpus applications. *See Tyler v. Cain*, 533 U.S. 656, 661 (2001). Before a second or successive application may be filed in the district court, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C).

**The Supreme Court has not made *Alleyne*
retroactive to cases on collateral review.**

After *Alleyne*, the district court could not have imposed three additional years of jail time on a defendant's sentence based on its own finding that a preponderance of the evidence showed the defendant brandished a semi-automatic weapon during the commission of a crime of violence. The question here is whether Hughes can obtain relief by applying the rule from *Alleyne* retroactively.

The general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler*, 533 U.S. at 663. The Court can establish that a holding applies retroactively either expressly or through the combination of the holdings from multiple cases. *Id.* at 663–68. The Supreme Court did not expressly make the rule in *Alleyne* retroactive, but Hughes argues that the rule was made retroactive through multiple holdings.

The Court has set a high bar for applying rules retroactively through multiple holdings. "Multiple cases can render a new rule retroactive only if the holdings in those cases *necessarily dictate* retroactivity of the new rule." *Id.* at 666 (emphasis added). The Court "can be said to have 'made' a rule retroactive within the meaning of § 2244(b)(2)(A) only where the Court's holdings logically permit no other conclusion than that the rule is retroactive." *Id.* at 669 (O'Connor, J., concurring).

A rule can be made retroactive through multiple cases if it falls within one of two narrow exceptions to the general rule of nonretroactivity set out in *Teague*. *Tyler*, 533 U.S. at 665 (citing *Teague*, 489 U.S. at 311–13). Those exceptions are: "(1) [if] the rule is substantive or (2) [if] the rule is a watershed rul[e] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (third alteration in original) (internal quotation marks and citations omitted). Only the second, procedural, exception is at issue here because *Alleyne* announced a procedural rule. *See Alleyne*, 133 S. Ct. at 2164 (Sotomayor, J., concurring) (explaining that in *Alleyne* "procedural rules [were] at issue that do not govern primary conduct"). This is important because:

> New rules of procedure . . . generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal [i.e., the first *Teague* exception], but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise.

*Schriro v. Summerlin*, 542 U.S. 348, 352 (2004). Moreover, the Supreme Court has said "the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished. This class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge." *Id.* (alteration in original) (internal quotation marks and citations omitted). In other words, the Court has raised the bar even higher for watershed procedural rules.

Despite the Supreme Court's direction that this class of rules will be extremely limited, Hughes argues the "Court has made all new reasonable-doubt rules completely retroactive, [and] *Alleyne* is a new reasonable-doubt rule." He cites the Court's holdings in *Ivan V. v. City of New York*, 407 U.S. 203 (1972), and *Hankerson v. North Carolina*, 432 U.S. 233 (1977), which, he argues, "necessarily dictate[]" that the rule announced in *Alleyne* is retroactive. *Ivan V.* and *Hankerson* held, respectively, that the Court's decisions in two other cases, *In re Winship*, 397 U.S. 358 (1970), and *Mullaney v. Wilbur*, 421 U.S. 684 (1975), applied retroactively. *Ivan V.*, 407 U.S. at 204–05; *Hankerson*, 432 U.S. at 242–44. This is important, according to Hughes, because in *Apprendi v. New Jersey* the Court explicitly relied on the rationale in *Winship* and *Mullaney* "in holding that any fact that increased the penalty beyond the statutory maximum had to be proved beyond a reasonable doubt."

Hughes's argument fails because he has not cleared the high bar to establish that Supreme Court precedent "necessarily dictate[s]" the retroactivity of *Alleyne*. *Tyler*, 533 U.S. at 666. We reach this conclusion for several reasons. First, the Supreme Court indicated that *Alleyne* simply extended *Apprendi*'s reasoning, noting that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." *Alleyne*, 133 S. Ct. at 2160. If *Apprendi*, which relied on *Winship* and *Mullaney*, does not apply retroactively, then a case extending *Apprendi* should not apply retroactively based on those same cases. Every circuit court to address whether *Apprendi* applies retroactively, including this court in *United States v. Sanchez-*

*Cervantes*, 282 F.3d 664 (9th Cir. 2002), has held that it does not.**[1]**

Second, we conclude that *Alleyne*, like *Apprendi*, does not fall within the procedural "watershed" exception. As the Supreme Court noted, "[t]his class of rules is extremely narrow, and it is unlikely that any . . . ha[s] yet to emerge." *Summerlin*, 542 U.S. at 352 (second alteration in original) (internal quotation marks and citations omitted). Consistent with the reasoning in *Summerlin*, all of our sister circuits to have considered whether *Alleyne* falls within the watershed exception have held that it does not. *See In re Mazzio*, 2014 U.S. App. LEXIS 11839, at *9–10 (6th Cir. June 24, 2014) ("*Alleyne* . . . does not meet the high standard for new rules of criminal procedure."); *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014) ("*Alleyne* announced no 'watershed rule' of criminal procedure. . . . [E]very court to consider the issue has concluded that *Alleyne* provides only a limited modification to the Sixth Amendment rule announced in *Apprendi*.") (citations omitted); *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) ("*Alleyne* [does not] fall[] within" the watershed exception).**[2]** This is unsurprising given

---

**[1]** *See United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003); *Sepulveda v. United States*, 330 F.3d 55 (1st Cir. 2003); *Coleman v. United States*, 329 F.3d 77 (2d Cir. 2003); *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002); *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002); *United States v. Mora*, 293 F.3d 1213 (10th Cir. 2002); *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001).

**[2]** Additionally, several other circuit courts have ruled—without specifically discussing the watershed exception—that *Alleyne* does not apply retroactively on collateral review. *See In re Moss*, 2013 U.S. App.

that every circuit court to have considered whether *Apprendi* falls within the watershed exception, including our court in *United States v. Sanchez-Cervantes*, has held it does not.[3] *Sanchez-Cervantes* rejected arguments similar to those Hughes makes here, noting that "not every extension of *Winship* is necessarily a watershed rule of criminal procedure. The rules announced in *Winship* and *Mullaney* were given retroactive effect because they were to 'overcome an aspect of the criminal trial that *substantially* impairs its truth-finding function and so raises *serious* questions about the accuracy of guilty verdicts[.]'" 282 F.3d at 671 (alteration in original) (quoting *Hankerson*, 432 U.S at 243). Here, a jury convicted Hughes of brandishing a gun during a crime of violence. The accuracy of the guilty verdict was not substantially undermined by the court's finding concerning the type of weapon used.

Hughes has not established that *Ivan V.* and *Hankerson* "necessarily dictate" that *Alleyne* applies retroactively. *Tyler*, 533 U.S. at 666. The Supreme Court did not make *Alleyne* expressly retroactive, and Hughes has not shown that it was made retroactive by multiple Supreme Court holdings. As such, we need not consider whether *Alleyne* announced a new rule of law that was previously unavailable.

---

LEXIS 26125, *3 (11th Cir. Oct. 23, 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *In re Kemper*, 735 F.3d 211 (5th Cir. 2013).

[3] *See Swinton*, 333 F.3d at 490; *Sepulveda*, 330 F.3d at 61; *Coleman*, 329 F.3d at 89; *Brown*, 305 F.3d at 307–10; *Curtis*, 294 F.3d at 843–44; *Mora*, 293 F.3d at 1218–19; *Goode*, 305 F.3d at 382–85; *McCoy*, 266 F.3d at 1257–58; *Moss*, 252 F.3d at 997; *Sanders*, 247 F.3d at 151.

## CONCLUSION

We **DENY** Hughes's application to file a second or successive § 2255 motion collaterally attacking the judgment entered in his case.