# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51161

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

IGNACIO OLVERA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Ignacio Olvera appeals, *pro se* and *in forma pauperis*, the dismissal of his 28 U.S.C. § 2255 motion as time-barred. He claims that an amended judgment, entered after his sentence was modified pursuant to Federal Rule of Criminal Procedure 35(b), recommences the one-year limitations period under § 2255(f)(1). In addition, he maintains that the motion was timely because *Alleyne v. United States*, 133 S. Ct. 2151 (2013), applies retroactively to cases on collateral review. The district court rejected those arguments and issued a certificate of appealability on both issues. We affirm.

No. 13-51161

I.

In October 2010, Olvera was sentenced to 168 months' imprisonment after pleading guilty of conspiracy to possess five kilograms or more of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846. This court affirmed in August 2011,[1] and Olvera did not petition for a writ of certiorari.[2] In accordance with the government's motion to reduce the sentence under Rule 35(b), the district court entered an amended judgment with a 120-month sentence in December 2012. Olvera filed the § 2255 motion in January 2013.

The district court dismissed the motion as time-barred after finding that (1) it was filed more than one year after he had failed to petition for certiorari in his initial case; (2) the government had not prevented him from timely filing the motion; (3) *Alleyne* is not retroactively applicable to cases on collateral review and therefore does not alter the limitations period; and (4) Olvera was not entitled to equitable tolling. On appeal Olvera maintains that the court erred by not calculating the limitations period from the time of the amended judgment and that *Alleyne* is retroactive.

II.

"We review the district court's factual findings relating to a § 2255 motion for clear error and its conclusions of law *de novo*." *United States v.*

---

[1] *See United States v. Olvera*, 439 F. App'x 302 (5th Cir. 2011) (per curiam). We "decline[d] to reach Olvera's [ineffective assistance of counsel] claims, without prejudice to Olvera's ability to bring them in a motion pursuant to 28 U.S.C. § 2255." *Id.* at 303. Contrary to Olvera's assertion now, nothing in our opinion granted him leave to file a § 2255 motion out of time.

[2] Although represented by counsel, Olvera filed a *pro se* petition for rehearing in September 2011. The clerk informed him that no action would be taken on the petition because it was not filed by his lawyer. In October, Olvera moved to dismiss counsel but was told that this court would take no action because the mandate had issued in September and the case was closed.

No. 13-51161

*Redd*, 562 F.3d 309, 311 (5th Cir. 2009).  Section 2255(f) provides a one-year period in which to file a § 2255(a) motion, running from the later of "the date on which the judgment of conviction becomes final"[3] or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."[4]

## A.

A "judgment of conviction becomes final" under § 2255(f)(1) when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[5]  Olvera's time to file a certiorari petition expired in November 2011, and his § 2255 motion was filed more than a year later.[6]  But he avers that the amended judgment, entered after a sentence modification pursuant to Rule 35(b), re-starts the one-year period.

Although we have not addressed that issue, every circuit to examine it has decided that the limitations period does not renew.[7]  We agree:  "The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence

---

[3] 28 U.S.C. § 2255(f)(1).

[4] 28 U.S.C. § 2255(f)(3).  There are two other grounds that can trigger the limitations period, but neither applies to this appeal.  *See* § 2255(f)(2), (4).

[5] *Redd*, 562 F.3d at 311 (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)) (internal quotation marks omitted).

[6] *See* SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

[7] *See Murphy v. United States*, 634 F.3d 1303, 1306–09 (11th Cir. 2011); *Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009); *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004); *United States v. Schwartz*, 274 F.3d 1220, 1223–26 (9th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 142–44 & n.2 (4th Cir. 2001).

No. 13-51161

does not affect the finality of a criminal judgment."[8]  "Notwithstanding the fact that a sentence . . . can subsequently be [modified under Rule 35(b),] . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."  18 U.S.C. § 3582(b)–(c).  The one-year period from "the date on which the judgment of conviction becomes final" is one such "other purpose."  Because the sentence reduction has no impact on the finality of Olvera's conviction, his motion was untimely under § 2255(f)(1).[9]

## B.

Olvera urges that his motion was timely under § 2255(f)(3) because it was filed within one year from the date on which the Supreme Court, in *Alleyne*, initially recognized the new rule of constitutional law that he contends is retroactively applicable to cases on collateral review.  At the time of Olvera's sentencing, either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory-minimum sentence.  *See Harris v. United States*, 536 U.S. 545, 568–69 (2002).  *Harris* was overruled by *Alleyne*, which held that, unless waived, "any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt."[10]

In *Kemper* this court recognized that the Supreme Court had not made

---

[8] *Sanders*, 247 F.3d at 143.

[9] The cases cited by Olvera are not to the contrary.  The petitioner in *Torres v. United States*, No. 5:10-CV-17, 2011 WL 1298457 (S.D. Tex. Apr. 4, 2011), was given an opportunity to file an out-of-time appeal because his counsel had not followed his instruction to file a notice of appeal.  The movant's § 2255 motion in *Fuller v. United States*, No. 1:06-CR-0137-06-RWS, 2013 WL 450859 (N.D. Ga. Feb. 5, 2013) was denied, in part, because it was filed outside of the one-year limitations period in § 2255(f).

[10] *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (citing *Alleyne*, 133 S. Ct. at 2163).  *Alleyne* extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which required any fact, other than a prior conviction, that increases the penalty beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt.

No. 13-51161

*Alleyne* retroactively applicable to cases on collateral review, as required to file a successive § 2255 motion under § 2255(h)(2).[11] We reiterate that *Alleyne* does not apply retroactively. This decision accords with that of every circuit to have examined the issue, none of which has decided that *Alleyne* is retroactive.[12]

"Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). Such rules are "retroactive[] only if the rule . . . is a 'watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'"[13] "The Supreme Court has instructed that a new rule qualifies for 'watershed' status only if it (i) '[is] necessary to prevent an impermissibly large risk of an inaccurate conviction' and (ii) 'alter[s] our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'"[14] "This class of rules is extremely narrow, and

---

[11] Section 2255(h)(2) is inapplicable because Olvera has not filed a second or successive § 2255 motion; the timeliness of his initial motion is reviewed under § 2255(f)(3). Although § 2255(h)(2) specifies that the new rule of constitutional law must be "made retroactive to cases on collateral review *by the Supreme Court*" (emphasis added), there is no such requirement in § 2255(f)(3). The government's cursory citations to *Dodd v. United States*, 545 U.S. 353 (2005), and *Tyler v. Cain*, 656, 662–63 (2001), notwithstanding, "§ 2255(f)(3) does not require that the retroactivity determination must be made by the Supreme Court itself." *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir. 2001).

[12] *See Hughes v. United States*, 770 F.3d 814, 817–19 (9th Cir. 2014); *In re Mazzio,* 756 F.3d 487, 489–91 (6th Cir. 2014); *United States v. Reyes*, 755 F.3d 210, 212–13 (3d Cir. 2014), *cert. denied*, No. 14-6816, 2014 WL 5364572 (U.S. Nov. 17, 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); *In re Moss*, No. 13-14570-D, 2013 LEXIS 26125, at *1–4 (11th Cir. Oct. 23, 2013) (per curiam); *United States v. Stewart*, 540 F. App'x 171, 172 n.1 (4th Cir. 2013) (per curiam); *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013*).

[13] *Panetti v. Stephens*, 727 F.3d 398, 413 (5th Cir. 2013), *cert. denied*, 135 S. Ct. 47 (2014) (alteration in original) (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

[14] *Id.* (alterations in original) (quoting *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (citations omitted) (internal quotation marks omitted)). The Supreme Court may also make a new rule retroactive over the course of multiple decisions. *See Tyler v. Cain*, 533 U.S. 656, 666 (2001). That argument, however, was addressed in *Kemper*, in which we held that the

No. 13-51161

'it is unlikely that any . . . ha[s] yet to emerge.'"[15]

*Alleyne* extended *Apprendi*, and "[e]very circuit court to address whether *Apprendi* applies retroactively . . . has held that it does not."[16]  In *United States v. Brown*, 305 F.3d 304, 309 (5th Cir. 2002) (per curiam), this court held that *Apprendi* did not meet the "watershed" exception because "the accuracy improved by *Apprendi* is in the imposition of a proper sentence rather than the determination of guilt or innocence and that *Apprendi* did not alter our understanding of bedrock elements essential to a fundamentally fair proceeding." Given that *Alleyne* is an extension of *Apprendi*, *Brown* is equally applicable here.  We agree with all of our sister circuits that *Alleyne* is not within the "watershed" exception.[17]

The dismissal of the § 2255 motion, as time-barred, is AFFIRMED.[18]

---

Court did not make *Alleyne* retroactive through a combination of decisions or otherwise.

[15] *Schriro v. Summerlin*, 542 U.S. 348, 352 (alteration in original) (internal quotation marks omitted) (quoting *Tyler v. Cain*, 533 U.S. 656, 667, n.7 (2001) (quoting *Sawyer v. Smith*, 497 U.S. 227, 243 (1990)).

[16] *Hughes*, 770 F.3d at 818 (citing *United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003).  *See Sepulveda v. United States*, 330 F.3d 55 (1st Cir. 2003); *Coleman v. United States*, 329 F.3d 77 (2d Cir. 2003); *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002) (per curiam); *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002); *United States v. Mora*, 293 F.3d 1213 (10th Cir. 2002); *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002); *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001)).

[17] *See Hughes*, 770 F.3d at 818–19 ("[W]e conclude that *Alleyne*, like *Apprendi*, does not fall within the procedural 'watershed' exception.") (citing *In re Mazzio*, 756 F.3d at 490–91 ("*Alleyne* . . . does not meet the high standard for new rules of criminal procedure."); *Reyes*, 755 F.3d at 212 ("*Alleyne* announced no 'watershed rule' of criminal procedure. . . . [E]very court to consider the issue has concluded that *Alleyne* provides only a limited modification to the Sixth Amendment rule announced in *Apprendi*." (citations omitted)); *Redd*, 735 F.3d at 91 ("Alleyne [does not] fall[ ] within" the watershed exception.)).

[18] Because the § 2255 motion is untimely, Olvera's request for a certificate of appealability on the issue of ineffective assistance of counsel is DENIED.