# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

DANNY LEE GREEN,

Petitioner-Appellant

v.

CHARLES MAIORANA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-1504

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Danny Lee Green, formerly federal prisoner # 10822-064, was convicted in the Western District of Oklahoma of several felony drug offenses and was sentenced to a total of 30 years of imprisonment to be followed by a six-year term of supervised release. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he raised claims attacking those convictions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30923

and sentences.  Relying on the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), Green contends that he should have been permitted to proceed under the savings clause of 28 U.S.C. § 2255, which allows a federal prisoner to attack the legality of his conviction in a Section 2241 petition if he can show that the remedies provided under Section 2255 are "inadequate or ineffective to test the legality of his detention." § 2255(e).

As an initial matter, Green has recently been released from prison, but he remains subject to the remainder of his term of supervised release.  His appeal is not moot.  *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).

When considering the denial of a Section 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).  Our analysis of Green's arguments and pertinent authority shows no error in connection with the district court's judgment.

Green does not address the district court's determination that his claim based upon the decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011), failed to satisfy the requirements for proceeding under the savings clause.  He therefore has abandoned any challenge regarding that claim.  *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).  In addition, we do not consider Green's arguments, raised for the first time on appeal, challenging the mandatory application of the Sentencing Guidelines in view of the decision in *Booker*, 543 U.S. at 245.  *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).

No. 14-30923

Insofar as Green contends that he should be permitted to file a Section 2241 petition under the savings clause because *Alleyne* and *Descamps* meet the parameters of the savings clause, he is mistaken. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). First, this court has held that *Alleyne* does not apply retroactively to cases on collateral review. *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015). Furthermore, both *Alleyne*, 133 S. Ct. at 2163, and *Descamps*, 133 S. Ct. at 2282, address sentencing issues and have no effect on whether the facts of Green's case would support his convictions for the substantive offenses. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002). Accordingly, neither *Alleyne* nor *Descamps* is a retroactively available Supreme Court decision indicating that Green was convicted of a nonexistent offense. *See id.*

The judgment of the district court is AFFIRMED.