[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11048
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00147-LGW-JEG

JIMMY BERNARD BARKLEY,

Petitioner-Appellant,

versus

WARDEN, FCC JESUP - MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 26, 2015)

Before TJOFLAT, MARTIN  and ANDERSON , Circuit Judges.

PER CURIAM:

In 1991, a Middle District of Georgia jury found Jimmy Bernard Barkley guilty of conspiracy to use a person under eighteen years of age to possess with intent to distribute cocaine base, 21 U.S.C. §§ 846, 861 (Count One), the substantive possession offense, 21 U.S.C. § 841 (Count Two), and using a firearm in connection with the Count Two offense, 18 U.S.C. § 924(c) (Count Three). The district court thereafter sentenced Barkley to concurrent life sentences on the first two counts and a consecutive term of sixty months on the third count. In 1998 and 2011, Barkley filed unsuccessful motions in Middle District of Georgia to vacate his sentence and convictions under 28 U.S.C. § 2255.

Invoking § 2255's "savings clause," Barkley sought relief once more in 2013. This time, however, he petitioned the Southern District of Georgia for a writ of habeas corpus under 28 U.S.C. § 2241. Barkley claimed that his life sentences were invalid under the recent Supreme Court decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), because his Middle District of Georgia indictment failed to specify, and the jury failed to find, the amount of crack cocaine underpinning the offenses in Counts One and Two. He also claimed that his § 2255 proceedings in the Middle District of Georgia should be reinstated because the court failed to consider all of his constitutional claims.

The District Court denied Barkley § 2241 relief on the ground that *Alleyne* is not retroactive. It also declined to entertain Barkley's claim about the § 2255

2

proceedings in the Middle District of Georgia because the Southern District of Georgia was not the proper venue for the claim.  Barkley appeals the court's decisions.  We affirm.

The District Court ruled correctly in holding that *Alleyne* is not retroactive and therefore could provide Barkley no relief from his convictions on Counts One and Two.  *See, e.g.*, *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015) ("*Alleyne* does not apply retroactively.  This decision accords with that of every circuit to have examined the issue, none of which has decided that *Alleyne* is retroactive." (footnote omitted)).

The court also ruled correctly in declining to entertain Barkley's claim regarding his first § 2255 proceeding.  The Middle District of Georgia is the proper venue for that claim.

AFFIRMED.