# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

ISRAEL MARTINEZ ORTEGA, SR.,

Petitioner-Appellant

v.

BONITA MOSLEY, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-593

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Israel Martinez Ortega, Sr., federal prisoner # 09444-180, appeals the district court's dismissal of his 28 U.S.C. § 2241 application, challenging the 420-month sentence imposed following his 2002 guilty plea conviction for conspiracy to import a controlled substance in violation of 21 U.S.C. § 963. Because Ortega is proceeding under § 2241, he need not obtain a certificate of appealability. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60603

A federal prisoner may use § 2241 to challenge the legality of his conviction or sentence if he can satisfy the requirements of the so-called "savings clause" of 28 U.S.C. § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In order to proceed under the savings clause, Ortega must raise a previously foreclosed claim that is based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. *Id.* at 904. In his opening brief, Ortega cites to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). To the extent that he relies upon these decisions to make the showing required by *Reyes-Requena*, we have previously determined that the holdings from these decisions are not retroactively applicable. *See United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Ortega does not otherwise challenge the district court's determination that he failed to make the showing necessary to proceed under the savings clause. *See Reyes-Requena*, 243 F.3d at 904.

Accordingly, the district court's judgment is AFFIRMED.