# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

KENDRICKS KILCREASE,

Petitioner - Appellant

v.

CHARLES A. DANIELS, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-415

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kendricks Kilcrease, federal prisoner # 15873-026, who is proceeding *pro se*, pleaded guilty, in district court in Illinois, to possessing crack cocaine with intent to distribute. His original sentence in 2010 of life imprisonment was reduced in 2013 to 230 months.

Kilcrease contests the dismissal of his 28 U.S.C. § 2241 petition. Because *pro se* briefs are afforded liberal construction, *Yohey v. Collins*, 985 F.2d 222,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-40049

225 (5th Cir. 1993), we understand his claim to be:  based on *Alleyne v. United States*, his statutory minimum sentence was unconstitutionally increased based on facts not admitted or proved before a jury beyond a reasonable doubt; and, therefore, he is entitled to a sentence reduction.  133 S. Ct. 2151 (2013).

The dismissal of a § 2241 petition is reviewed *de novo*.  *E.g., Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Ordinarily, a collateral attack on claimed errors at trial or sentencing is through a 28 U.S.C. § 2255 motion.  *Id.* In that regard, a federal prisoner may challenge the legality of his conviction or sentence in a § 2241 petition only when the remedy in § 2255 "is inadequate or ineffective to test the legality of his detention".  28 U.S.C. § 2255(e).  To meet the requirements of § 2255(e), Kilcrease must demonstrate his claim was "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion".  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

*Alleyne* is not retroactively applicable to cases on collateral review. *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015).  Kilcrease maintains *Persaud v. United States* announced *Alleyne* and its progeny applied retroactively to such cases.  134 S. Ct. 1023 (2014).  The *Persaud* Court, however, remanded the matter "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States". *Id.*  Accordingly, *Persaud* is not a substantive decision.

AFFIRMED.