# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30496
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2016

Lyle W. Cayce
Clerk

WILLIE J. GRIFFIN, JR.,

Petitioner-Appellant

v.

CHARLES MAIORANA, Warden, Federal Correctional Institution Oakdale,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-823

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Willie J. Griffin, Jr., federal prisoner # 04667-017, was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base and possession with intent to distribute cocaine; he is serving a 240-month term of imprisonment on each count. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30496

Griffin contends that the district court misapplied *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001), as the savings clause of 28 U.S.C. § 2255 permits challenges to erroneously applied statutory mandatory minimum sentences.  In addition, relying on *Bond v. United States*, 134 S. Ct. 2077 (2014), Griffin claims that his conviction under federal law is flawed and that Florida state law was sufficient to prosecute his offense which, he argues, involved purely local misconduct.  He also maintains that he is actually innocent of the offense, in view of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment did not list the elements of drug quantity and type.

We review the dismissal of a § 2241 petition de novo.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of § 2255.  *Reyes-Requena*, 243 F.3d at 901.  The prisoner must establish that the remedy provided under § 2255 would be "inadequate or ineffective to test the legality of his detention."  § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  To make that showing, a prisoner must make a claim (1) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Reyes-Requena*, 243 F.3d at 904.

We are not persuaded by Griffin's contention that the savings clause permits sentencing challenges.  *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("[A] claim of actual innocence of a [sentencing] enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241.").  Further, Griffin's reliance on a

2

purported concession by the Solicitor General in *Persaud v. United States*, 134 S. Ct. 1023 (2014), is misplaced. *Persaud* was not a substantive decision and, therefore, does not support Griffin's contention that the particular sentencing errors he complains of are amenable to § 2241 relief in this case.

Also without merit is Griffin's argument that his claim based on *Bond* falls within the savings clause. In *Bond*, the Supreme Court held that the Chemical Weapons Convention Implementation Act did not reach a "purely local crime" consisting of "an amateur attempt by a jilted wife to injure her husband's lover." 134 S. Ct. at 2083. The nature of the statute in *Bond* bears no resemblance to the controlled substance statutes at issue here, and the decision does not establish that Griffin may have been convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904.

Further, insofar as Griffin contends that he should be permitted to file a § 2241 petition because *Alleyne* and *Apprendi* meet the parameters of the savings clause, he is mistaken. This court has held that *Alleyne* does not apply retroactively to cases on collateral review. *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015). Further, both *Alleyne* and *Apprendi* address sentencing issues and have no effect on whether the facts of Griffin's case would support his convictions for the substantive offenses, nor do they support the contention that he was convicted of a nonexistent offense. *See Alleyne*, 133 S. Ct. at 2163; *Apprendi*, 530 U.S. at 490; *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002).

Finally, even though Griffin advanced claims based on *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) and *Descamps v. United States*, 133 S. Ct. 2276 (2013) in the district court, he has not briefed a contention based on *Moncrieffe* or *Descamps* on appeal. He therefore has therefore abandoned those claims. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

No. 15-30496

The judgment of the district court is AFFIRMED. Griffin's motion for the appointment of counsel is DENIED.