# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2020

Lyle W. Cayce
Clerk

No. 19-11120
Summary Calendar

Alonzo Molina,

*Petitioner—Appellant*,

*versus*

Rick Marques, *Warden*, Federal Correctional Institution
Big Spring,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-120

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Alonzo Molina, federal prisoner # 93283-280, appeals the district court's dismissal, for want of jurisdiction, of his 28 U.S.C. § 2241 petition challenging his federal sentence for conspiracy to possess with intent to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11120

distribute more than 100 kilograms of marijuana.   The district court determined that Molina's attack on his sentence could not proceed under § 2241 pursuant to 28 U.S.C. § 2255(e)'s savings clause.   As Molina's sentence was imposed by the Western District of Texas, the district court also concluded that it lacked jurisdiction to review it under § 2255.

Because Molina attacks the legality rather than the conditions of his federal sentence, he must seek relief under § 2255, and he must do so in the court that sentenced him.   *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).   The district court accordingly lacked jurisdiction over Molina's § 2241 petition.   *See id.* at 452.

Furthermore, Molina may not invoke § 2255(e)'s savings clause to proceed under § 2241 because he cannot demonstrate that, in light of a retroactively applicable Supreme Court decision, he "was convicted for conduct that did not constitute a crime."   *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).   The Supreme Court holdings Molina cites—*Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013)—are not retroactive. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015).   Issues of retroactivity aside, Molina's claims stem from his disagreement with how his sentence was calculated, which does not implicate his conviction; therefore, the savings clause cannot afford him relief.   *See Padilla*, 416 F.3d at 427.

The judgment of the district court is AFFIRMED.