# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20398
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

JEREMIAH DEWAYNE ARNOLD,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1391

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Invoking 28 U.S.C. § 2241, Jeremiah Dewayne Arnold, federal prisoner # 45645-019, filed the instant suit to challenge his conviction for use of a firearm during a crime of violence and his 25-year sentence. The district court determined that the suit was best classed as an unauthorized successive 28 U.S.C. § 2255 motion and dismissed it. In this appeal, Arnold argues that his claims are properly brought under § 2241 because they concern fundamental

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

errors in the criminal process and because the claims have not previously been considered on the merits.  He also argues that the district court erred by not considering *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

When considering the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).  Our analysis of Arnold's arguments and pertinent authority shows no error in connection with the district court's judgment.

Because Arnold's arguments relate to events that occurred prior to or at sentencing, his suit arises under § 2255.  *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).  He has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another.  Consequently, the district court properly concluded that it lacked jurisdiction over the motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Insofar as Arnold contends that he should be permitted to file a § 2241 petition under the savings clause of § 2255 because *Alleyne* meets the parameters of the savings clause, he is mistaken.  *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  This court has held that *Alleyne* does not apply retroactively to cases on collateral review.  *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015).  Moreover, Arnold's reliance on *Alleyne* is misplaced.  *Alleyne* extended the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), to hold that any fact, other than a prior conviction, that increases the statutory minimum sentence must be alleged in an indictment and proved beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2160 & n.1.  Here, Arnold's sentence was enhanced based on a prior conviction, not because of some other fact.  *See* 18 U.S.C. § 924(c)(1)(C)(i).  Further, since the decision in *Alleyne* implicates the validity of a sentence, *Alleyne* does not establish that Arnold

was convicted of a nonexistent offense.  *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.