# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10331
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2016

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

CYDRIC COLEMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-38-1

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:*

In 2011, Cydric Coleman, federal prisoner # 37473-177, was convicted by a jury of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One), possession of a firearm in furtherance of the drug trafficking crime charged in Count One in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two), conspiracy to maintain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10331

drug-involved premises in violation of § 846 and 21 U.S.C. § 856(b) (Count Three), and possession of a firearm in furtherance of the drug trafficking crime charged in Count Three in violation of § 924(c)(1)(C)(i) (Count Four). The district court sentenced him to concurrent terms of 120 months of imprisonment on Counts One and Three, a consecutive term of 60 months of imprisonment on Count Two, and a consecutive term of 300 months of imprisonment on Count Four, for a total of 480 months of imprisonment.

In February 2013, Coleman filed a 28 U.S.C. § 2255 motion challenging his conviction and sentence. The district court denied his multiplicity and ineffective assistance of counsel claims with prejudice. However, the district court concluded that Coleman was entitled to relief on his claim that he was eligible for resentencing under the Fair Sentencing Act of 2010. Consequently, the district court vacated Coleman's sentence and resentenced him to concurrent terms of 60 months of imprisonment on Count One and one month of imprisonment on Count Three, a consecutive term of 60 months of imprisonment on Count Two, and a consecutive term of 300 months of imprisonment on Count Four, for a total of 420 months of imprisonment.

Coleman appeals the sentence imposed on resentencing. He also seeks to appeal the district court's partial denial of his § 2255 motion. The Government has moved for dismissal and summary affirmance. In the alternative, the Government requests an extension of time in which to file a brief on the merits.

Coleman contends that the district court erred in denying his ineffective assistance of counsel claim without conducting an evidentiary hearing. The Government asserts that we lack jurisdiction to review this issue. Coleman did not file a timely notice of appeal from the district court's partial denial of his § 2255 motion. *See* FED. R. APP. P. 4(a)(1)(B). Moreover, the documents

filed within the period prescribed by Rule 4(a)(1) did not clearly evince his intent to appeal the district court's judgment. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Therefore, the Government's motion to dismiss is GRANTED, and the appeal is DISMISSED IN PART for lack of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Coleman also contends that the district court erred in failing to consider *Alleyne v. United States*, 133 S. Ct. 2151 (2013), at his resentencing. He argues that the district court violated his constitutional rights by resentencing him to a 25-year statutory minimum sentence on Count Four because the elements of his § 924(c)(1)(C)(i) offense were not submitted to the jury and found beyond a reasonable doubt.

The Government asserts that Coleman's argument is foreclosed by *Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015). Coleman agrees but seeks to preserve the issue for further review. Because our decision in *Arnold* is unpublished, it is not binding precedent and the Government's motion for summary affirmance is DENIED. *See* 5TH CIR. R. 47.5.4; *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006).

Although our decision in *Arnold* is not binding precedent, it may be considered persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). In *Arnold,* we observed that *Alleyne* does not affect the district court's application of § 924(c)(1)(C)(i) because the enhancement is "based on a prior conviction, not because of some other fact." *Arnold*, 598 F. App'x at 299. Further, we have held that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), remains binding precedent post-*Alleyne. United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Therefore, Coleman's *Alleyne* challenge is unavailing, and the district court's judgment is AFFIRMED IN

No. 15-10331

PART.  The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.