# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-20127
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Matthew Steven Hackney,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-219-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Matthew Steven Hackney pleaded guilty to four child pornography offenses and now appeals two of those convictions for production of child pornography under 18 U.S.C. § 2251(a) and possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Relying on published and unpublished authority from this court, he concedes that relief on the issues he asserts is

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20127

foreclosed, and he raises the issues to preserve them for further review. We dispense with further briefing and affirm.

First, Hackney asserts that the factual basis supporting his guilty pleas to those two counts is insufficient under Federal Rule of Criminal Procedure 11 because he did not admit facts establishing the interstate commerce elements of § 2251(a) and § 2252A(a)(5)(B) as he contends those statutes should be construed based on *Bond v. United States*, 572 U.S. 844 (2014). Alternatively, he raises a constitutional argument based on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012). Reviewing only for plain error, *see United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010), Hackney's arguments with respect to his convictions under both statutes are unavailing, *see United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019).

In light of the foregoing, the Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief are DENIED. *See United States v. Coleman*, 817 F.3d 907, 909 (5th Cir. 2016). The judgment of the district court is AFFIRMED.